No. 22018.

Lewis M. Alexander and Ruth M. Alexander *v.* Morrison-Knudsen Company, Inc., a Delaware corporation, Colorado-Ute Electric Association, Inc., a Colorado corporation, and Yampa Valley Electric Association, Inc., a Colorado corporation.

(444 P.2d 397)

Decided June 17, 1968.    Rehearing denied September 9, 1968.

120

WALTER L. GERASH, JOHN S. CARROLL, E. MICHAEL CANGES, EARL S. WYLDER, for plaintiffs in error.

HAROLD CLARK THOMPSON, ALIOUS ROCKETT, FRANCIS L. BURY, FEAY B. SMITH, JR., for defendant in error Morrison-Knudsen Company, Inc.

SHIVERS, BANTA AND McMARTIN, JOHN J. CONWAY, JOHN A. HUGHES, for defendant in error Colorado-Ute Electric Association, Inc.

DUANE O. LITTELL, RONALD C. HILL, MARVIN L. BROWN, for defendant in error Yampa Valley Electric Association, Inc.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THIS case is here on writ of error directed to a judgment of dismissal entered by the District Court of Routt County. The parties appear in the same relative position as they appeared in the trial court.

Sometime prior to May 27, 1963, Morrison-Knudsen contracted with Colorado-Ute Electric Association, Inc. (Colorado-Ute), to construct an electric power plant (the project) near Hayden, Routt County, Colorado.

The plaintiff Lewis Alexander, a crane operator employed by Morrison-Knudsen, was seriously injured on May 27, 1963, in the course of his employment on the project. His injuries constitute the basis for the damages claimed in the first claim of the complaint. In a second claim for relief, Ruth, wife of Lewis, claimed damages for loss of consortium caused by the injuries suffered by her husband. The defendants will be referred to collectively or by given name. It should be noted that this is not a workmen's compensation case, but a claim for damages, based upon negligence.

According to the plaintiffs' complaint, the site of the accident was in Routt County on premises owned by Colorado-Ute and Yampa Valley Electric Association, Inc. (Yampa Valley), and the cause of the injuries complained of was an uninsulated high voltage electric power line owned and operated by Colorado-Ute and Yampa Valley, from which an electric charge leaped to the boom of the crane being operated by the plaintiff Lewis Alexander. It is not necessary to elaborate on the facts relating to the accident and the injuries because of the peculiar posture of the proceedings.

The judgment to which the writ of error is directed was entered by the District Court of Routt County on August 16, 1965, and in material part states:

"That defendants' Motion for Summary judgment filed with the Court on the 12th day of May, 1965, is granted and the plaintiffs' complaint is dismissed, with prejudice;

"Even though it may not be necessary to rule thereon, it is further ordered that the motion to dismiss of Morrison-Knudsen Company, Inc., a Delaware corporation, is granted; and the motion to dismiss of Colorado-Ute Electric Association, Inc., a Colorado corporation, is granted;

"It is further ordered that plaintiffs' motion to set aside or vacate attempted voluntary dismissal is denied."

It is necessary to consider separately the correctness of the judgment as it relates to each defendant, because of the difference in the relationships between the several defendants and the plaintiffs and because of the variety of motions and pleadings directed to the complaint.

## MORRISON-KNUDSEN

Morrison-Knudsen is a general contractor standing in the relationship of employer to the plaintiff Lewis Alexander. It filed a motion to dismiss for failure to state a claim upon which relief can be granted. In support of its motion Morrison-Knudsen filed affidavits to show that Lewis Alexander had not rejected the Work-

men's Compensation Act prior to going to work for Morrison-Knudsen; that it had workmen's compensation insurance in effect and was otherwise in conformance with the act. There was no traverse of the allegations as to the relationship between the parties or as to the compliance by the employer with the Workmen's Compensation Act.

The record as outlined brings into play that part of R.C.P. Colo. 12(b) which provides that:

"* * * If, on a motion asserting the defense * * * to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56 * * *."

Consequently, the Routt County District Court's order granting Morrison-Knudsen's motion for summary judgment must be affirmed "if the pleadings * * * together with the affidavits * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * *." R.C.P. Colo. 56(c); *Norton v. Dartmouth Skis, Inc.*, 147 Colo. 436, 364 P.2d 866; *Field v. Sisters of Mercy*, 126 Colo. 1, 245 P.2d 1167. It is clear from the pleadings and the affidavits that the plaintiff Lewis Alexander and Morrison-Knudsen were subject to the Workmen's Compensation Act and that Lewis Alexander's injuries arose "out of and in the course of his employment on May 27, 1963 while working for said Morrison-Knudsen Company * * *," as alleged in the complaint.

■ Having brought itself within the ambit of the Workmen's Compensation Act, Morrison-Knudsen is not subject to a common law action for damages and the plaintiffs are limited to the remedies specified in the act. This conclusion is spelled out in C.R.S. 1963, 81-3-2, in these words:

"Any employer who has elected to and has complied with the provisions of this chapter, including the pro-

visions relating to insurance, shall not be subject to the provisions of section 81-3-1; nor shall such employer be subject to any other liability whatsoever for the death of or personal injury to any employee, except as provided in this chapter; *and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in this chapter.*" (Emphasis added.)

■■ The plaintiff Ruth Alexander is in no better position than her husband. Her rights under the situation here are strictly derivative and are controlled by the all-inclusive language of the italicized portion of the statute just quoted. In addition to delimiting remedies available to those subject to its provisions, the Workmen's Compensation Act delineates the rights of all dependents of a compensably injured workman, including the wife. See C.R.S. 1963, chapter 81, article 11.

■ Consequently, the trial court correctly, as a matter of law, dismissed plaintiffs' complaint as to Morrison-Knudsen under the provisions of Rule 56(c).

### COLORADO-UTE

The complaint alleges that:

"* * * MORRISON-KNUDSEN * * * and *COLORADO-UTE* * * * entered into a written contract whereby MORRISON-KNUDSEN * * * agreed to construct an electric power plant * * *.

* * *

"* * * MORRISON-KNUDSEN * * * ordered the plaintiff LEWIS M. ALEXANDER to take a truck-mounted crane with a 45-foot boom to remove dirt, brush, and other debris from a site *on premises owned by the COLORADO-UTE ELECTRIC ASSOCIATION, INC.* * * *." (Emphasis added.)

■ The complaint then alleges numerous acts of negligence attributable to Colorado-Ute, which resulted

in the injuries to Lewis Alexander. The plaintiffs contend that "certainly Morrison-Knudsen *and* Colorado-Ute could *not both* be considered the employer of Lewis M. Alexander within the meaning of the statute." Although citing no authority for this position, we will assume for the purpose of this discussion that plaintiffs had in mind *Great Western Sugar Co. v. Erbes,* 148 Colo. 566, 367 P.2d 329, where an employee of a contractor was permitted to recover damages from the owner for injuries sustained while working on the owner's premises. Apparently *Erbes* was noted by the General Assembly inasmuch as it amended C.R.S. '53, 81-9-2. The amended law became effective on April 18, 1963, some five weeks prior to the date of plaintiff's unfortunate accident. C.R.S. 1963, 81-9-2. Under the law as amended, the owner, in circumstances such as we have here, is deemed to be "an employer." It provides that if the contractor or subcontractor undertaking to do work for the owner of property is unable to meet his responsibilities under the act, then those responsibilities devolve upon the owner. *Stewart v. Industrial Commission,* 163 Colo. 12, 428 P.2d 367. However, if the contractor undertaking to do such work "shall before commencing such work insure and keep insured his liability for compensation," the owner of the property shall be free of responsibility to the injured workman, including tort liability. C.R.S. 1963, 81-9-2(2).

The record here reflects that Morrison-Knudsen before commencing such work insured and kept insured its liability for compensation, as provided in C.R.S. 1963, chapter 81; consequently, Colorado-Ute is not subject to any liability of any kind to the Alexanders.

## YAMPA VALLEY

Although alleged to have been a co-owner of the land on which the accident occurred, it does not appear that Yampa Valley "contracted out" the work to Morrison-Knudsen. So, under the state of the pleadings at this point, it is not possible to bring Yampa Valley within

the terms of C.R.S. 1963, 81-9-2. More importantly, the judgment under review disposed of plaintiffs' claim against Yampa Valley solely on the basis of the "defendants' Motion for Summary Judgment filed with the Court on the 12th day of May, 1965." The motion of May 12, 1965, relied upon the "double dismissal" provision of Rule 41(a)(1) of the Colorado Rules of Civil Procedure.

Rule 41(a)(1) relates to voluntary dismissals. In pertinent part, it reads:

"* * * [A]n action may be dismissed * * * without order of court (i) by filing a notice of dismissal at any time before filing or service by the adverse party of an answer or of a motion for summary judgment * * *. Unless otherwise stated in the notice of dismissal * * * the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court an action based on or including the same claim.*" (Emphasis added.)

The italic portion is the so-called "double dismissal" rule. The applicability of the rule is a matter of first impression in this jurisdiction. Fortunately our rule, like those of many of our sister states, is copied from the Federal Rules of Civil Procedure. The federal courts and a few state jurisdictions have had occasion to deal with the application of the rule. See *American Cyanamid Co. v. McGhee,* 317 F.2d 295; *Engelhardt v. Bell & Howell Co.,* 299 F.2d 480; *Littman v. Bache & Co.,* 252 F.2d 479; *Thomas v. Braffet's Heirs,* 6 Utah 2d 57, 305 P.2d 507.

The rule in its terms is relatively simple: An action may be dismissed by notice, without court order, at any time before the adverse party files an answer or motion for summary judgment. But, when a plaintiff has once dismissed, the second dismissal operates as an adjudication on the merits. However simple the rule may be, the problems presented by the state of the

record here are somewhat complex and call for some reference to the chronology of the filings by the parties.

On May 14, 1964, the plaintiffs filed their complaint in the District Court in and for the City and County of Denver (Denver District Court); on June 11, 1964, Yampa Valley filed a motion for change of venue to the District Court in and for Routt County, Colorado (Routt County District Court); on October 2, 1964, the motion for change of venue was granted and, at the request of the plaintiffs, the execution of the order was stayed to give them time to file an original proceeding under R.C.P. Colo. 106(a)(4); on October 23, 1964, in Case No. 21512, this court denied plaintiffs' petition for a writ in the nature of prohibition, by which they attempted to set aside the order for change of venue; then, on December 8, 1964, plaintiffs filed a *notice of dismissal* in the Denver District Court, pursuant to Rule 41(a)(1). We must remember that the notice of dismissal was subsequent to the court's order granting the change of venue.

At the time the notice of dismissal was tendered to the Denver District Court, the file in the case had not been transferred to the Routt County District Court.

The plaintiffs contend that, at this juncture, "NO VOLUNTARY DISMISSAL BY THE PLAINTIFFS OCCURRED IN THE DISTRICT COURT FOR THE CITY AND COUNTY OF DENVER, AS THE NOTICE OF DISMISSAL WAS FILED *AFTER* THE VENUE CHANGED TO THE ROUTT COUNTY DISTRICT COURT."

Plaintiffs' argument is, in brief, that the court's order changing the venue of the case from Denver to Routt County resulted in its complete surrender of jurisdiction over the cause for all purposes except for certification of the proceedings to the designated venue. *Lamar Alfalfa Milling Co. v. Bishop,* 80 Colo. 369, 250 P. 689; *Christ v. Flannagan,* 23 Colo. 140,

46 P. 683. However, we do not interpret these cases to hold that the case is in limbo. The transferor court, until the certification and actual transfer of the case, has physical control over the files. Under these circumstances, when the defendants' time to answer, for instance, is about to expire, there is little doubt that the clerk of the transferor court could accept the filing of an answer and place it in the file. To argue that the defendant, under such circumstances, was in default because the filing had not been made in the transferee court seems to the author of this opinion to be wholly absurd. Likewise, the filing of a *notice to dismiss* under Rule 41(a)(1), pending the actual transfer of the proceedings to the court of proper venue, is effective. This ruling is not inconsistent with *Christ v. Flannagan, supra,* nor *Lamar Alfalfa Milling Co. v. Bishop, supra,* because those cases were directed to the power of the court to act after the change of venue order, whereas, in the case of filing of an answer or of a notice to dismiss the power of the court to act is not invoked. See *Littman v. Bache & Co., supra; Tele-Views News Co. v. S.R.B. TV Publishing Co.,* 28 F.R.D. 303; *Love v. Silas Mason Co.,* 66 F. Supp. 753.

Another problem arising out of the history of the filings relates to the answer which Yampa filed. It actually filed its answer in the Routt County District Court on December 31, 1964. This becomes important in applying the double dismissal rule, because normally the double dismissal rule is not applicable, as we have seen, where an answer or motion for summary judgment has been filed by the adverse party. In order to set the scene for our discussion of this point, it is essential to complete the factual statement.

On December 18, 1964, the order for change of venue issued, following the refusal of this court to entertain plaintiffs' original proceedings, and the file was certified by the Denver District Court and sent to the District Court of Routt County.

In the meantime, on December 10, 1964, the plaintiffs filed in the United States District Court for the District of Colorado (Federal Court) substantially the same complaint they had previously filed in the Denver District Court against Yampa (and the two other defendants); Yampa, in response to the federal court complaint, filed a motion to dismiss for lack of jurisdiction over the subject matter "because the controversy is not between citizens of different states."

On January 12, 1965, the plaintiffs filed, in the federal court, a notice of dismissal under Fed. R. Civ. P. 41 (a) (1), which stated:

"Come now the above named Plaintiffs * * * and hereby voluntarily dismiss their Complaint without prejudice as previously filed against all defendants named herein, as no answer or motion for summary judgment has been filed by any of the defendants."

We deem the date on which Yampa filed its answer (December 31, 1964) material only in relation to the date of the *notice of dismissal* (December 8, 1964) filed in the state court and not to the second one filed in the federal court on January 12, 1965. It is quite obvious that the answer filed in the state court was *after* the first notice of dismissal, and *before* the second notice of dismissal in the federal court. At the time the answer was filed, Yampa Valley could not have anticipated that a notice of dismissal would subsequently be filed in the federal court.

Because the right to invoke the "double dismissal" rule did not arise until after Yampa Valley's answer was filed in the state court, and since the answer was not directed to the federal court complaint, we hold that the filing thereof did not constitute a waiver of Yampa Valley's right to move for dismissal, as it did, on the basis of the rule. Yampa Valley could not invoke the right prior to the filing of the second notice of dismissal because the right did not exist, nor could it logically waive a right prior to the time it came into existence.

See *Ewing v. Colorado Farm & Mutual Casualty Co.,* 133 Colo. 447, 269 P.2d 1040.

The plaintiffs, in another maneuver in the federal court, sought to vacate and set aside the *second* notice of dismissal. That motion is pending. Plaintiffs contend that because the federal court has not ruled on this motion the Routt County District Court "could not properly determine any federal dismissal."

In this connection, the order of the federal court, dated April 22, 1965, is most interesting, since that court was likewise confronted with the effect of the "double dismissal" rule. After reviewing the contentions of the respective parties, the court, in the preamble of its order, stated, *inter alia:*

"There appears no necessity for the law of Colorado to be determined secondhand in this particular case, for in the pending state action a Colorado court can determine the Colorado law and its application to the case now before it. * * *

"For the foregoing reasons the Court called counsel into conference and expressed the Court's feeling that this was a matter in which the doctrine of abstention should be invoked to give the state court an opportunity to determine the question of dismissal or non-dismissal of the state proceedings. *Counsel expressed concurrence."* (Emphasis added.)

The change of heart which the plaintiffs evidenced by their attempt to vacate and set aside their *second* notice of dismissal has no effect, in our opinion, on the efficacy of the dismissal. The notice, upon filing, accomplished the dismissal of the complaint. As pointed out in *American Cyanamid Company v. McGhee, supra,* the plaintiff

"* * * [N]eed do no more than file a notice of dismissal with the Clerk. That document itself closes the file. * * * [A]nd the court has no role to play. * * * There is not even a perfunctory order of court closing the file * * *."

It may seem somewhat incongruous for us to say that the filing of the *notice of dismissal* closes the file and then approve orders of court which were entered subsequently to the *notice.* There may be a modicum of inconsistency in our action, but it is outweighed by practical considerations. Too, with but few exceptions, the cases do not indicate or suggest that, by the filing of the *notice,* the court's jurisdiction immediately terminates for all purposes. We think the court here, in any event, had jurisdiction to do what it did.

It would ill become the plaintiffs to assert the court's lack of jurisdiction at this point because they have filed a motion "for an order setting aside or vacating such dismissal, if any, on the grounds that it was of no effect and on the grounds that justice so requires."

The Routt County District Court properly denied this motion. The alternative would have been for the plaintiffs to have filed a third lawsuit. We see no reason which would justify putting the defendant to additional inconvenience and expense before giving effect to this wholesome rule.

The purpose of the rule is well stated in *Engelhardt v. Bell & Howell Co., supra,* in these words:

"By the salutary provisions of Rule 41, a plaintiff is given the right to dismiss a first suit at an early stage. Plaintiff may do so without prejudice and with no terms or conditions attached thereto. The rule also, however, protects a defendant by providing that if the plaintiff takes advantage of his right of early dismissal on one occasion, he may not repeat the process with impunity. If he wishes to escape the effect of the two dismissal rule, he is required then to obtain a dismissal by the court under (a)(2), 'upon such terms and conditions as the court deems proper.' "

Also, see 5 J. Moore, Federal Practice § 41.02 (2d ed. 1967).

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.

MR. JUSTICE DAY concurs in the result.