478 P.2d 683 (1970)
William H. NICKS, Plaintiff In Error,
v.
The ELECTRON CORP., a Colorado Corporation, Defendant In Error.
No. 70-513, (Supreme Court No. 24031.)
Colorado Court of Appeals, Div. I.
December 22, 1970.
George T. Ashen, Leland R. Branting, Denver, for plaintiff in error.
*684 Kenneth C. Groves, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
This case is here on writ of error directed to a judgment of dismissal entered by the District Court of the City and County of Denver. The parties appear here in the same relative position as they appeared in the trial court.
Prior to May 15, 1967, the defendant Electron Corporation, (Electron) contracted with Kelly Labor of Denver, Inc., (Kelly) for temporary manpower which was supplied by Kelly to perform certain labor as directed by Electron. Pursuant to the agreement, on May 15, 1967, plaintiff William H. Nicks was sent to a foundry owned and operated by defendant. He was injured there while riding out of a pit on a conveyor belt.
Kelly carried workmen's compensation insurance and prior to commencing this action plaintiff filed a claim against Kelly with the Industrial Commission of Colorado. The Commission found Kelly liable to plaintiff and entered an order awarding compensation to plaintiff. Thereafter, plaintiff brought this action for damages against defendant alleging that he was a business invitee of defendant and that his injuries were caused by defendant's negligence. Plaintiff's action was dismissed by the trial court on defendant's motion for summary judgment on the ground that such action was barred by the applicable provisions of the Workmen's Compensation Act.
The issues on this appeal are whether plaintiff's common law negligence action against defendant is barred by the Workmen's Compensation Act and whether the case was properly determined on a motion for summary judgment.
C.R.S.1963, 81-9-1, provides that:
"(1) Any * * * corporation operating or engaged in or conducting any business by * * * contracting out any part * * * of the work thereof to any * * * contractor * * * shall be construed to be and be an employer * * * and shall be liable * * * to pay compensation for injury * * * resulting therefrom to said * * * contractors * * * and their employees * * *
"(2) If said * * * contractor * * * shall himself be an employer * * * and shall before commencing such work insure * * * his liability for compensation * * * neither said * * * contractor, or * * * its employees or its insurer shall have any right of contribution or action of any kind * * * against the * * * corporation operating or engaged in or conducting any business by * * * contracting out any part * * * of the work thereof."
The defendant was conducting its foundry business by contracting out part of the work thereof to Kelly. Kelly was plaintiff's employer at the time of the accident and Kelly had insured its liability for compensation under the Workmen's Compensation Act. Plaintiff's injury was one compensated under the provisions of that act and the above statute, C.R.S.1963, 81-9-1, operates as a bar to plaintiff's common law negligence action against defendant.
C.R.S.1963, 81-9-1, was amended to its present form at the same time C.R.S.1963, 81-9-2, was amended to its present form. C.R.S.1963, 81-9-1, applies to those engaged in business "by * * * contracting out any part * * * of the work thereof. * * *" and C.R.S.1963, 81-9-2, applies to an owner of real property "that contracts out any work done on and to said property. * * *"
Our Supreme Court in Alexander v. Morrison-Knudsen, 166 Colo. 118, 444 P.2d 397, considered the effect of C.R.S.1963, 81-9-2, and said:
"The plaintiffs contend that `certainly Morrison-Knudsen and Colorado-Ute *685 could not both be considered the employer of Lewis M. Alexander within the meaning of the statute.' Although citing no authority for this position, we will assume for the purpose of this discussion that plaintiffs had in mind Great Western Sugar Co. v. Erbes, 148 Colo. 566, 367 P.2d 329, where an employee of a contractor was permitted to recover damages from the owner for injuries sustained while working on the owner's premises. Apparently Erbes was noted by the General Assembly inasmuch as it amended C.R.S. '53, 81-9-2. * * * Under the law as amended, the owner, in circumstances such as we have here, is deemed to be `an employer.' It provides that if the contractor or subcontractor undertaking to do work for the owner of property is unable to meet his responsibilities under the act, then those responsibilities devolve upon the owner. Stewart v. Industrial Commission, [163] Colo., [12] 428 P.2d 367. However, if the contractor undertaking to do such work `shall before commencing such work insure and keep insured his liability for compensation', the owner of the property shall be free of responsibility to the injured workman, including tort liability. C.R.S.1963, 81-9-2(2).
"[9] The record here reflects that Morrison-Knudsen before commencing such work insured and kept insured its liability for compensation, as provided in C.R. S.1963, chapter 81; consequently, Colorado-Ute is not subject to any liability of any kind to the Alexanders."
C.R.S.1963, 81-9-1, has the same effect as to one engaged in business "by * * * contracting out any part * * * of the work thereof. * * *" and bars a common law action brought by an injured workman against a party construed to be an employer under its provisions.
The case was properly determined on a motion for summary judgment. The pleadings, the affidavits, and the deposition filed in this matter show that no genuine issue of material fact existed and the court properly determined as a matter of law that the statute barred plaintiff's action and defendant was entitled to judgment.
Judgment affirmed.
DUFFORD and PIERCE, JJ., concur.