499 P.2d 1206 (1972)
Lionel VARELA, Plaintiff-Appellant,
v.
The COLORADO MILLING & ELEVATOR COMPANY, a Colorado corporation, Defendant-Appellee.
No. 71-298.
Colorado Court of Appeals, Div. II.
May 23, 1972.
Rehearing Denied June 13, 1972.
Certiorari Denied August 28, 1972.
Daniel S. Hoffman, Gerald P. McDermett, Denver, for plaintiff-appellant.
Paul D. Renner, Denver, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
Plaintiff, Lionel Varela, was an employee of Epcon, Inc., an electrical contractor. Defendant, The Colorado Milling & Elevator Company, contracted with Epcon for continuing maintenance and repair of a neon sign located on defendant's premises. On October 19, 1967, during the term of the maintenance agreement, plaintiff was sent by his employer, Epcon, to the defendant's premises to work on the sign pursuant to the agreement. While on the premises of defendant, the plaintiff was seriously injured when a mishap occurred involving an elevator in which the plaintiff was riding.
After receiving compensation and medical benefits from Epcon's workmen's compensation carrier, plaintiff brought suit for damages based upon the alleged negligence of the defendant. The answer of defendant alleged the prohibition of C.R.S.1963, 81-9-2(2), as an absolute defense to plaintiff's action. Defendant's motion for summary judgment of dismissal on that ground was subsequently filed and granted. From *1207 that judgment plaintiff appeals. The judgment of dismissal is affirmed.
Initially, plaintiff asserts that the granting of summary judgment under C.R. C.P. 56 by the trial court was error as there existed a genuine issue of material fact in dispute.
Plaintiff and defendant submitted separate affidavits, each signed and sworn to by one Wilbur Rusch, the Division Manager of Epcon. Plaintiff claims these affidavits are contradictory and give rise to the issue of fact. When read together, there is no conflict in meaning between the affidavits. Plaintiff's affidavit states that Epcon hired, or used, approximately twelve employees in performing the maintenance agreement. In the defendant's affidavit, the affiant more specifically stated that on any one occasion, no more than three employees had worked on the repair or maintenance of the sign in question. This does not present an issue of fact such as would prevent a summary judgment.
The fact that at no time were there more than three employees working on the defendant's sign, although Epcon employs more than four employees, forms the basis for the primary contention of error. The plaintiffs argue that the trial court found Epcon had attained "employer" status on the basis of C.R.S.1963, 81-9-2, and that the statute was incorrectly construed. The plaintiff's theory is that C.R.S.1963, 81-9-2, defines "employer" in dealing specifically with a particular situation, and, therefore, the general provision of C.R.S.1963, 81-2-6, defining an "employer" as any corporation with four or more employees or any employer who elects to accept the provisions of the Workmen's Compensation Act, is not applicable to this situation. Therefore, even though Epcon has more than four employees, plaintiff claims that because Epcon had less than four employees on this specific job, Epcon is not an "employer" under the Act. If this were true, plaintiff would be correct in asserting that its action is not barred by C.R.S.1963, 81-9-2(2).
In resolving this issue, we must look closely at the language of C.R.S.1963, 81-9-2:
(1) Every person, company, or corporation, that owns any real property or improvements thereon and that contracts out any work done on and to said property to any contractor, subcontractor, person, or persons, who shall hire or use four or more employees or workmen, including himself if working thereon in the doing of such work, shall be deemed to be an employer under the terms of this chapter and every such contractor, and subcontractor, person, or persons, as well as their employees, shall each and all of them be deemed to be employees as defined in this chapter and such employer shall be liable as provided in this chapter to pay compensation for injury or death resulting therefrom to said contractor, and subcontractor, and their employees and, before commencing said work, shall insure and shall keep insured his liability as provided in this chapter. Such employer shall be entitled to recover the cost of such insurance from said contractor, subcontractor, person, or persons, and may withhold and deduct the same from the contract price or any royalties or other money due, owing, or to become due said contractor, subcontractor, person, or persons.
(2) If said contractor, subcontractor, person, or persons doing or undertaking to do any work for an owner of property, as provided in subsection (1) of this section, shall himself be an employer, as defined in this chapter, in the doing of such work and shall before commencing such work insure and shall keep insured his liability for compensation as provided in this chapter, neither said contractor, subcontractor, person, or persons, its employees or its insurers, shall have any right of contribution or action of any kind including actions under section 81-13-8, herein against the person, company, or corporation owning real property and improvements thereon which contracts out work done on said property.
*1208 Plaintiff argues that the language providing that a landowner who contracts work to "any contractor, subcontractor, person, or persons, who shall hire or use four or more employees or workmen, including himself if working thereon in the doing of such work, shall be deemed to be an employer under the terms of this chapter. . ." means that, in order for a landowner to be deemed an employer, four employees must be used on a specific job on the property of the landowner. Plaintiff's argument, however, does not take cognizance of the basic structure of the statute. C.R.S.1963, 81-9-2(1), defines the circumstances under which a landowner is deemed to be an "employer", while C.R.S.1963, 81-9-2(2), defines the circumstances under which a contractor working on the landowner's property is an "employer". If either the landowner or the contractor qualifies as an "employer" under Chapter 81, then the statute is clear that where the "employer" insures and keeps insured his liability under the Act, then the landowner shall not be subject to common-law actions initiated by an employee of the contractor. The language plaintiff cites from C.R.S. 1963, 81-9-2(1), specifies the circumstances under which a contractor with three employees shall himself be counted as an employee in determining if a landowner shall be an "employer" under the Act. However, this portion of the statute is not relevant to the issue here. The trial court determined that since the contractor, Epcon, was an "employer" by the terms of Chapter 81, no action initiated by the contractor's employee, Varela, could be brought against the landowner, The Colorado Milling & Elevator Company.
The trial court's construction of C.R.S. 1963, 81-9-2, is in accord with public policy as declared by the legislature and the case law that has dealt with the statute. Great Western Sugar Co. v. Erbes, 148 Colo. 566, 367 P.2d 329, held that immunity was not provided a landowner under an earlier statute, C.R.S. '53, 81-9-2, even though a contractor working on his land was an "employer" under the Act and had insured the injured employee because the statute contained no express limitation of the common law remedy. In Alexander v. Morrison-Knudsen Co., 166 Colo. 118, 444 P.2d 397, the court noted that after Erbes the General Assembly amended C.R.S. '53, 81-9-2, and that the language of the amended law frees the landowner from liability to the injured workman where the contractor insures and keeps insured his liability for compensation. See Nicks v. Electron Corp., 29 Colo.App. 114, 478 P.2d 683.
Epcon was a corporation with four or more employees that insured and kept insured its liability for compensation under the Workmen's Compensation Act. By provision of Chapter 81, more specifically, C.R.S.1963, 81-2-6, Epcon gained "employer" status under the Act. By provision of C.R.S.1963, 81-9-2, as properly construed by the trial court, neither Epcon, nor its employee, Varela, has an action against the defendant, The Colorado Milling & Elevator Company.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.