## No. 26863

**Leonard V. Lancaster and The Employers Fire Insurance Company, a Massachusetts corporation v. C. F. & I. Steel Corporation, a Colorado corporation**

(548 P.2d 914)

Decided April 19, 1976.

Louis J. Stuart, for plaintiff-appellant Leonard F. Lancaster.

Zarlengo, Mott and Zarlengo, Albert E. Zarlengo, Jr., for plaintiff-appellant Employers Fire Insurance Company.

Rector, Melat & Wheeler, P.C., Leo W. Rector, Jerry A. Retherford, for defendant-appellee.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John Kezer, Assistant, for amicus curiae Industrial Commission.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellants Leonard F. Lancaster and Employers Fire Insurance Company appeal from an order of the district court, granting appellee C. F. & I. Steel Corporation's motion for summary judgment. We affirm.

This case arises out of an industrial accident which occurred on October 31, 1973, at the Pueblo manufacturing plant of C. F. & I., wherein Lancaster sustained extensive injuries as a result of the explosion of a basic oxygen furnace. C. F. & I. had contracted out to Wheelabrator-Frye, Inc. the modification of certain buildings located on the premises of its plant. Wheelabrator-Frye, in turn, subcontracted to State, Inc. the modification work on the roof of the building housing the furnace. Lancaster was a skilled ironworker in the employ of State, Inc., and was working in the course of his employment in the building when the explosion occurred. Employers Fire Insurance provided workmen's compensation insurance for State, Inc., and subsequently made compensation payments to Lancaster.

Appellants filed their common law complaint in the district court, based upon negligence and strict liability, by which Lancaster sought

damages for his injuries and Employers Fire Insurance, as statutory subrogee, sought reimbursement for sums paid under its workmen's compensation policy.

The answer of C. F. & I. denied all the claims for relief and set up Lancaster's own alleged contributory negligence as an affirmative defense. Also, in what it later claimed to be an oversight, C. F. & I. denied in its entirety paragraph 6 of the complaint, which included the allegation that C. F. & I. "was the owner" of the premises.

Approximately two months after filing this answer C. F. & I.'s original attorneys withdrew from the action. New counsel entered appearance on behalf of C. F. & I. and moved for permission to file an amended answer, raising the additional affirmative defense that appellants' action was barred, and C. F. & I. immunized from liability by 1967 Perm. Supp., C.R.S. 1963, 81-3-2, and C.R.S. 1963, 81-9-2.[1]

The record does not disclose whether the court granted the motion to amend, but four days later appellee did move for summary judgment, based primarily on section 81-9-2(2), and the motion for summary judgment was granted.

The trial court found that all of the operative facts were stipulated, and that the injury occurred on the premises of appellee. It concluded that the provisions of section 81-9-2(2) barred the action and that the statute did not deprive Lancaster of his constitutional rights. The court further concluded that the "common employment" argument advanced by appellants was unsupported by authority.

The case on appeal was transferred to this court from the court of appeals.

## I.

With respect to the first of two alleged procedural defects raised in appellants' briefs — that C. F. & I. did not own the property on which the accident occurred — it is not seriously contended that C. F. & I. was not the owner. Lack of ownership would, of course, preclude the applicability of section 81-9-2(2). The record reflects that in the trial court there was no real issue as to C. F. & I.'s ownership of the premises. Likewise, at oral argument in this court, C. F. & I.'s ownership was conceded by counsel.

As to the other alleged procedural error relating to C. F. & I.'s failure to plead section 81-9-2 as an affirmative defense, the record is clear that the court and all parties treated the motion to amend the answer to include the affirmative defense as having been granted. The motion for summary judgment was extensively argued and briefed, on the basis of the

---

[1] Now sections 8-42-102 and 8-48-102, C.R.S. 1973. Recent amendments to section 8-48-102 became effective September 1, 1975, and consequently do not affect this action.

applicability of the statute. Furthermore, we find no evidence in the record that appellants ever objected to this asserted procedural defect. Faced with a similar situation in *Cox v. Pearl Invest. Co.* 168 Colo. 67, 450 P.2d 60, this court said:

"* * * [B]y arguing the merits of defendant's motion for summary judgment without raising this objection in the trial court as to the manner in which this affirmative defense of release was asserted, the plaintiffs have effectively waived any objection they may have had to this procedure. * * * Also, * * * the plaintiffs did not * * * move for a reconsideration of the trial court's summary judgment on the ground that the defendant could not initially raise the affirmative defense of release by its motion for summary judgment. * * *"

## II.

■ We next consider the asserted unconstitutionality of the statute upon which C. F. & I. relies for its defense. Appellant Lancaster argues in essence that the statute violates Article II, Section 6, of the Colorado Constitution (equality of justice) and Section 25 (due process of law), Article V, Section 25 (special legislation prohibited), as well as the Thirteenth (involuntary servitude) and the Fourteenth Amendments to the United States Constitution. We dealt with and rejected most of these arguments in *O'Quinn v. Walt Disney Prod.*, 177 Colo. 190, 493 P.2d 344. *See also Finn v. Industrial Commission*, 165 Colo. 106, 437 P.2d 542. We reaffirm our holding in the *O'Quinn* case. We did not consider there the involuntary servitude argument, but we find no evidence that Lancaster has been subjected to slavery or involuntary servitude within the meaning of either the federal or state constitutions.

Appellant Lancaster argues that he was enslaved in the sense that, although he was neither paid nor supervised by C. F. & I. Steel, he was made a statutory employee of that company by the workmen's compensation statute. It is true that in the ordinary sense Lancaster was not an employee of appellee. However, the intent of the workmen's compensation law was to create special categories of employees and employers to provide protection for employees and to compel employers to maintain insurance coverage. These special categories were approved in *O'Quinn, supra*, where we said there is no reason that compensation coverage need be linked to common law definitions of employment in order to be constitutional. The statute is valid.

## III.

■ Appellants argue that the trial court erred in its determination that C. F. & I. was immunized from common law liability by C.R.S. 1963, 81-9-2. We do not agree.

Appellants urge that we adopt the "common employment" concept, under which Lancaster would be allowed to recover damages from C. F. & I. The argument is as follows: in this case, State, Inc., Lancaster's em-

ployer, and C. F. & I. were not engaged in the furtherance of a common employment at the time the accident occurred; C. F. & I. was making steel at that time, and State, Inc. was repairing buildings; and C. F. & I., as property owner, is entitled, as a matter of statutory construction, to immunity under the statute only if its negligent acts occurred while it was engaged in "common employment" with the contractor or subcontractor at the time of the accident.

We note that section 81-9-2 does not use the term "common employment" and, in our view, nothing in its language compels the adoption by this court of the concept appellants urge. Whatever merit in theory the concept may have, the following decisions establish that the protection of the statute was intended to be extended to owners of real property in appellee's position. *See Colo. Spgs. v. Ellsworth*, 187 Colo. 193, 529 P.2d 646; *O'Quinn v. Walt Disney Prod., supra*; *Alexander v. Morrison-Knudsen*, 166 Colo. 118, 444 P.2d 397, *cert. denied*, 393 U.S. 1063, 89 S.Ct. 715, 21 L.Ed.2d 706; *Stewart v. Indust. Comm.*, 163 Colo. 12, 428 P.2d 367; *Varela v. Colo. Mill. & Elev.*, 31 Colo. App. 49, 499 P.2d 1206. *See also State ex rel. First Nat. B. & T. Co. v. District Court*, 161 Mont. 127, 505 P.2d 408.

In *O'Quinn, supra*, for example, the court stated that:
"* * * [T]he instant legislation [section 81-9-2(2)] confers an immunity on a general contractor or a *real property owner* in exchange for a duty which inheres to the benefit of a workman. Thus, while on the one hand a workman will be required to forego a negligence action against a general contractor or *real property owner*, he will on the other hand be assured that regardless of fault, the more solvent general contractor or *real property owner* stands behind and secures the Workmen's Compensation liability of the workman's immediate employer. * * *" (Emphasis added.)
In *Colo. Spgs. v. Ellsworth, supra*, we noted that the legislative purpose in adding subsection (2) to section 81-9-2 was to protect *all landowners* from all common law liability if the landowner requires his contractors to carry workmen's compensation coverage. And, in *Stewart v. Indust. Comm., supra*, we impliedly rejected the "common employment" argument by holding that under the statute "it does not matter that claimant was not engaged in the same business or profession as the landowners."

The trial court did not err in dismissing this action. We are not concerned with the wisdom of the legislative policy as expressed in section 81-9-2. Changes in the statute, such as would embody the common employment concept, are for the general assembly and not for the court. Exclusive jurisdiction of this matter was vested in the Colorado Industrial Commission. *See Packaging Corp. v. Roberts*, 169 Colo. 316, 455 P.2d 652.

The judgment is affirmed.