**WASALCO, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**EL PASO COUNTY, a Governmental authority and The Board of County Commissioners of El Paso County, Defendants-Third Party Plaintiffs-Appellees,**

v.

**Christine DELLACROCE and The Mined Land Reclamation Board, Department of Natural Resources, State of Colorado, Third-Party Defendants-Appellees.**

**No. 83CA1135.**

Colorado Court of Appeals,
Div. II.

Sept. 6, 1984.

Mason & Davis, Robert J. Mason, Colorado Springs, for plaintiff-appellant.

Charles E. Berry, Colorado Springs, for defendants-third party plaintiffs-appellees.

VAN CISE, Judge.

Claiming that the trial court erred in determining there was no legal basis for its claims of tortious interference with contractual relations and prospective business advantage, plaintiff, Wasalco, Inc. (Wasalco), appeals a summary judgment entered for defendants, El Paso County and its board of county commissioners (the county). We affirm.

Woodmoor Development Fund (Woodmoor) had been created for the purpose of completing the roads, utilities, and other public improvements in the bankrupt Woodmoor development in El Paso county. In 1980, the county obtained a permit from third-party defendant Mined Land Reclamation Board and, under a non-exclusive agreement with third-party defendant Christine Dellacroce, commenced mining and purchasing gravel from a pit owned by Dellacroce.

In 1981, the county entered into an agreement with Woodmoor to sell it gravel. Wasalco, a company engaged in the business of mining and selling gravel which also sold gravel to Woodmoor, sued the county for damages for allegedly interfering with its contractual relationship with Woodmoor. The county and the third-party defendants moved for summary judgments.

From the admissions in the pleadings, the depositions, and the affidavits submitted by the parties, the court determined that there were no factual disputes and no showing that the conduct of the county was improper. Based on that ruling, there being no claims remaining against the third-

party defendants, the complaint and third-party complaint were dismissed.

Wasalco contends material issues of fact were raised and that summary judgment should not have been entered. We disagree.

Among the documents submitted by the county in support of its motion is the affidavit of Thomas B. Doherty, a trustee of Woodmoor. He stated that at no time did Woodmoor have an oral or written contract with Wasalco, and that, when Woodmoor had bought gravel from Wasalco in the past, it was at the same time buying gravel from other suppliers. Furthermore, Doherty said that he had made the initial contact with the county in regard to buying gravel. In another affidavit, Max C. Rothschild, the county engineer and county director of transportation, said that he had been contacted by Doherty to sell gravel to Woodmoor. He also stated that he knew of no existent or prospective contract between Woodmoor and Wasalco.

Wasalco submitted the affidavit of Warren Langer, its general manager. In it, Langer stated that he had made various sales of gravel to Woodmoor. Langer then asserted that "El Paso County intentionally interfered" with the operations of Wasalco when it commenced selling gravel to Woodmoor.

A motion for summary judgment is properly granted where no genuine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. *Nicks v. Electron Corp.*, 29 Colo. App. 114, 478 P.2d 683 (1970). Here, the burden of establishing the lack of a triable issue was upon the county, and all doubts must be resolved against it. *Primock v. Hamilton*, 168 Colo. 524, 452 P.2d 375 (1969).

The county carried its burden in showing that genuine issues were lacking. The burden then shifted to Wasalco to set out specific facts showing a factual controversy. *See* C.R.C.P. 56(e); *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978). It failed to do so. Langer's affidavit sets forth only the conclusion that the county tortiously interfered with Wasalco's business. This is of no probative value. *See* C.R.C.P. 56(e). It did not set out any facts to show that any contract existed between Wasalco and Woodmoor or even that a prospective contract was on the drawing board. Similarly, Wasalco set forth no facts to rebut Doherty's and Rothschild's statements that it was Woodmoor who had contacted the county to buy gravel.

As to the legal issues involved, to prove intentional interference with a contractual relationship it is necessary to show, among other elements, that there was an underlying contract between plaintiff and a third party. *Dolton v. Capitol Federal Savings & Loan Ass'n*, 642 P.2d 21 (Colo.App.1981). To prove tortious interference with a prospective contractual relationship, it is not necessary that there be an underlying contract. But there must be a showing of intentional and improper interference by the defendant which prevented formation of a contract between plaintiff and the third party. *Dolton, supra.* This interference consists of improperly and intentionally "(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation." *Restatement (Second) of Torts* § 766B (1979).

Aside from the conclusory but factually unsupported statements in Langer's affidavit, Wasalco offered nothing to support either of its tort claims. The county established the negative—that there was no underlying contract and that there had been no intentional and improper interference. Therefore, the summary judgment was properly entered.

In view of the above holding, it is not necessary to address the parties' other contentions.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.