## No. 13,408.

INDUSTRIAL COMMISSION ET AL. *v.* STATE COMPENSATION
INSURANCE FUND ET AL.
(29 P. [2d] 372)

Decided January 22, 1934.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for plaintiffs in error.

Mr. HAROLD CLARK THOMPSON, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, the Industrial Commission of Colorado, seeks to reverse a judgment of the district court which set aside an award of the Industrial Commission granting compensation to Joe Susman, the other plaintiff in error.

On May 27, 1931, Susman filed his claim for compensation with the Industrial Commission, against the Phay Mining Company by whom he was employed at the time of the accident on the 15th of December, 1930. The Phay Mining Company was lessee of mineral claims located on a section of school land in Teller county, Colorado. The original lease was made by the state board of land commissioners on July 18, 1927, to W. C. Currier and W. A. Love, lessees, who in turn, assigned all of their interest to the Phay Mining Company on August 26, 1927.

The Phay Mining Company on December 15, 1930, was carrying on mining operations under its assignment of lease, and Susman was in its employ and while so em-

ployed, was injured in an accident arising out of and in the course of his employment. The Phay Mining Company did not carry, or have in force, any workmen's compensation insurance at the time of the accident.

The matter of his claim for compensation was referred for hearing to DeStelle DeLappe as referee. On June 7, 1932, the referee ordered that the state board of land commissioners and the state compensation insurance fund be made parties to the proceeding. The state compensation insurance fund appeared and denied liability on the part of the state board of land commissioners for whom it is the insurance carrier. Testimony was taken and an award made by the referee, about which there is no contention on the part of the defendants in error, except they contend they are not liable under the law. The award was affirmed by the Industrial Commission in February, 1933, and on a petition to review this award, it was again affirmed and made final on March 6, 1933. Action was then brought by the defendants in error to set aside the award of the commission and upon trial of said action, the district court set aside the award and found in favor of the defendants in error. The case is now before us for a review of that judgment.

Sections of the Compiled Laws of 1921, and the sections of the Workmen's Compensation Act that are involved here, are as follows:

Section 4382. "Employer.—Sec. 8. The term 'employer' shall mean and include:

"(a) The state, and each county, city, town, irrigation, drainage and school district therein, and all public institutions and administrative boards thereof without regard to the number of persons in the service of any such public employer; and, Provided, That all such public employers shall be at all times subject to the compensation provisions of this act.

"(b) Every person, association of persons, firm and private corporation (including any public service cor-

poration), personal representative, assignee, trustee or receiver, * * *.

"(c) This act is not intended to apply to employers of private domestic servants or farm and ranch labor, * * *."

Section 4383. "Employe.—Sec. 9. The term 'employe' shall mean and include:

"(a) Every person in the service of the state, or of any county, city, town, irrigation, drainage, or school district therein, or any public institution or administrative board thereof, under any appointment or contract of hire, express or implied, except an elective official of any state, or any county, city, town, irrigation, drainage, or school district therein, or of any public institution or administrative board thereof; except all officers and enlisted men of the national guard of the state of Colorado. Policemen and firemen shall be deemed employes, within the meaning of this paragraph; * * *."

Section 4423. "Sec. 49. Any person, company or corporation operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sub-lessee, contractor or subcontractor, shall irrespective of the number of employes engaged in such work, be construed to be and be an employer as defined in this act and shall be liable as provided in this act to pay compensation for injury or death resulting therefrom to said lessees, sub-lessees, contractors and sub-contractors and their employes, * * *."

Section 4424. "Sec. 50. Every person, company or corporation, that owns any real property or improvements thereon and that contracts out any work done on and to said property to any contractor, sub-contractor, person or persons, who shall hire or use four or more employes or workmen (including himself if working thereon) in the doing of such work, shall be deemed to be an employer under the terms of this act * * *."

Does section 49 (C. L. section 4423) of the Workmen's Compensation Act apply to the administrative bodies of

the state? If it does, then was the state board of land commissioners, by executing a lease for mineral claims on the lands of the state, engaged in the business of mining by leasing, within that section? The answer to these questions determines this case.

To ascertain whether section 49 (C. L. section 4423) of the Workmen's Compensation Act applies to administrative state boards, such as the state board of land commissioners, an analysis of the sections of the act herein quoted must be made. This court in the case of *Flick v. Industrial Commission*, 78 Colo. 117, 239 Pac. 1022, said that section 49 and section 8 of the act may be construed together. In that case, the court was considering the definitions of employers, as used in the two sections, and as they related to private employers. Counsel for plaintiffs in error rely upon this case to support their contention that the phrase, "any person, etc. * * *," is comprehensive enough to include the state and its administrative boards.

The weakness of that contention presents itself by the glaring intention of the legislature to classify employers by three distinct groups. This they did by words as clear as the use of the English language would permit. Paragraph (a) section 8, in unambiguous words defines *public employers,* and included therein is to be found "The state, * * * public institutions and administrative boards thereof * * *." It treats such as public employers, providing that as such they *shall* be subject to the compensation provision of the act. As to this matter, nothing is left to the discretion or election of such public employers. Paragraph (b) section 8, presents group 2 as *private employers* in a comprehensive way by specifically naming "Every person, association of persons, firm and private corporation * * * who * * * has elected to become subject to the provisions of this act, * * *." Paragraph (c) section 8: Domestic servants form group 3 and are not here involved.

As shown by the sections of the act hereinbefore set

out in full, it is to be seen that the legislature, in order to be doubly sure that the state and its boards would not, by any confusion, be wrongfully deemed an employer, other than public employers, defined in no uncertain terms who public employes were to include. This was done by paragraph (a) section 9, and is in apparent relation, by number, to paragraph (a) section 8, which defined public employers. Public employes by this definition can be easily read to mean just what the words import, "Every person in the service of the state * * * except all officers and enlisted men of the national guard * * *." It therefore follows that before the claimant here can even hope to fix liability on a *public* employer, as he has attempted here, he must first be in such employment as a *public* employe. We do not so find him. He is, by this record, in the employment, and on the pay roll, of a private firm or corporation as a private employe. This conclusion ends the case and we are confident that this exposition of the law also will be the means of determining whether or not, where the board of land commissioners in exercising its administrative functions, executes a lease for and on mineral claims located on public lands under its supervision as a constitutional board, is conducting a mining business by leasing, as contemplated by section 49 of the Workmen's Compensation Act. We hold that it is not so engaged, unless it would place itself squarely within the provisions of the act and of this opinion in the relations and operations as employer and employe.

In setting aside the award of the commission, the trial court was right and its judgment is affirmed.