No. 15,384.

WILKOWSKI *v.* INDUSTRIAL COMMISSION ET AL.

(154 P. [2d] 615)

Decided December 18, 1944.

. Mr. ARTHUR A. BROOKS, JR., Mr. WILLIAM A. LEWIS, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, BARBARA LEE, Assistant, Mr. LEWIS SCHIFF, Mr. ALIOUS ROCKETT, for defendants in error.

*In Department.*

MR. JUSTICE BURKE, delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiff in error is hereinafter referred to as claimant, and defendants in error as the commission, the fund and the board respectively. The facts are not in dispute.

Claimant sought compensation for an injury due to an accident arising out of and in the course of his alleged employment by the board. The commission, the fund and the board denied that he was such employee under the terms of the act. The commission held that he was not such employee, "but that he is an independent contractor," and denied compensation. He thereupon resorted to the district court, which likewise denied compensation, holding that he was neither an employee nor an independent contractor. To review the judgment entered accordingly claimant prosecutes this writ. His five specifications present three propositions upon which he relies: 1. Claimant was an employee. 2. There was no evidence to support the finding of the commission that he was an independent contractor. 3. When the court found he was not an independent contractor its sole power and duty was to remand to the commission.

Claimant, a blind man, is a ward of the state. S.L. '41, p. 291, c. 90, §1. Its duty to such is discharged

through the board, duly organized and empowered by legislative enactment. The applicable compensation statute provides that, "Every person in the service of the state, or of any county, city, town, * * * or any public institution or administrative board thereof, under any appointment or contract of hire, express or implied, * * *," is a public employee. '35 C.S.A., c. 97, §288 (a).

Whether claimant falls within that definition is to be determined from a certain writing signed by himself and the board, under which he was admittedly operating at the time of his accident. It provides, inter alia, as follows: The board owns the equipment and stock of a "stand" in the state capitol annex. Claimant wishes to operate that stand and the board has authorized him to do so. Proceeds of sales shall be used to purchase new stock, pay $5.00 per month to the board for supervision, three and a half per cent for maintenance and depreciation, and thereafter claimant to have "a drawing account" of $10.00 per week, "so long as circumstances permit." When they do not, "adjustments in drawing account will be made." If there be income more than sufficient to meet the foregoing, claimant is to receive "the net profits remaining from the business." The board may cancel the contract "at any time" and claimant on "thirty days' notice in writing." Other provisions are not here material.

In executing this writing the board was acting by authority of the following: "The commission shall have power to cooperate with the United States Commissioner of Education and the Division of Vocational Rehabilitation in the operation of H.R. 4688 (74th Congress) entitled 'An Act to authorize the operation of stands in federal buildings by blind persons, to enlarge the economic opportunities of the blind and for other purposes,' approved June 20, 1936. The commission may take all necessary measures for said cooperative effort, including the selection and licensing of blind operators

of stands in federal and other public buildings and the supervision thereof in accordance with federal regulations." §3, c. 22, '35 C.S.A., as amended by §1, c. 109, S.L. '37.

■ The board had established a number of such stands and used all funds derived therefrom for the purpose of opening others, all in discharge of the state's duty to the blind, to give them an opportunity to become self-supporting and obviate, to such extent as was possible, the necessity for direct relief. The board was not in business. It had no use for such employees. No possible profit to it or the state was involved. It was doing no more than making a loan to claimant, under conditions which might convert a portion of that loan into a donation. We hold claimant was not an employee, as that term is used in the compensation statutes. As would naturally be presumed, this question has been before the courts. As might not be so presumed, their conclusions are not harmonious. What appears to be the weight of authority, grounded upon what seems to us as the better reasoning, supports the foregoing. Those authorities are well represented by the following: *Vaivida v. City of Grand Rapids*, 264 Mich. 204, 249 N.W. 826; *McBurney v. Industrial Acc. Com.*, 220 Cal. 124, 30 P. (2d) 414; *Scordis's Case*, 305 Mass. 94, 25 N.E. (2d) 226. For the contrary view, it is sufficient to cite one, strongly relied upon by counsel for claimant. *Industrial Commission v. McWhorter*, 129 O. St. 40.

So exhaustively is the question involved examined and analyzed in the foregoing that we find no justification here for quotation or repetition. Suffice it to say that with the former we agree, with the latter we do not.

■ We need further note only claimant's contentions that there was no evidence before the commission to justify its finding that he was an independent contractor; and that, having disagreed with the commission on that point, the court could only remand the cause

for further action. Both are based upon the erroneous assumption of the materiality of that fact. The sole question was and is, Was claimant an employee as defined by the statute? If he was, that ended the controversy; if not, fallacious reasoning will not nullify a sound conclusion. When the commission had decided that claimant was not an employee, no duty remained to determine what he was. The trial court affirmed the commission on the controlling fact. No duty devolved upon it to approve or disapprove the reasoning. As held by this and other courts, too often and definitely to require citation here, the reason given for a correct ruling is wholly immaterial.

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BAKKE concur.