## No. 16,793.

STATE COMPENSATION INSURANCE FUND *v.* ALISHIO ET AL.

(250 P. [2d] 1015)

Decided March 3, 1952.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for plaintiff in error.

Mr. JOSEPH F. NIGRO, for defendant in error City of Trinidad.

Mr. A. T. STEWART, Mr. WALTER PREDOVICH, for defendant in error Alishio.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

*En Banc.*

MR. CHIEF JUSTICE JACKSON delivered the opinion of the court.

THIS is a workmen's compensation case in which no fact is disputed, the only question involved being one of statutory construction. How it arose can be seen from reading the referee's findings and order dated April 25, 1951:

"The City of Trinidad, a municipal corporation, was duly authorized by the vote of the people in 1948 to construct and operate a municipal electric light and power generation and distribution system. The City, by reason of this authority, purchased and operated a power plant within the corporate limits during the years

1948 and 1949 and was so operating on January 12, 1949. On December 15, 1948 the City, after the usual formality of advertising for bids, did enter into a written contract with the Huggins Electric Company, a Colorado corporation, to remove certain existing street lighting fixtures and install other lighting fixtures. The contract specifically provided that the Huggins Electric Company was to remove and install certain fixtures for a specific price agreed upon. The contract further provided: 'The work to be done under this contract will be on de-energized lines * * * to avoid accidents.'

"Vincent A. Alishio was an employee of the Huggins Electric Company and was working on the city street lights in the performance of the contract which Huggins Electric Company had made with the City of Trinidad, when on January 12, 1949 he was electrocuted and died instantly.

"By stipulation, it was agreed that the Claimant was killed in the course of his employment; that his average weekly wage was $30.00; that he left surviving him and totally dependent upon him his wife, Julia Mae Alishio, and one minor child Arnold Vincent Alishio, born November 1, 1947.

"This action is brought by the widow against the City of Trinidad on behalf of herself and minor child, claiming compensation under Sections 49 and 50 of the Workmen's Compensation Act (Section 328 and 329, Chapter 97, '35 C.S.A.).

"The questions to be decided are:

"1. Do Sections 49 and 50 of the Workmen's Compensation Act apply?

"2. Was Vincent A. Alishio an employee of the City of Trinidad within the meaning of Sections 49 and 50 of the Workmen's Compensation Act?

"Section 8 (a) Workmen's Compensation Act (287 Chapter 97 '35 C.S.A.) provides:

" 'The State, and each county, city, town, irrigation, drainage and school district therein, and all public in-

stitutions and administrative boards thereof without regard to the number of persons in the service of any such public employer; and provided that all such public employers shall be at all times subject to the compensation provisions of this Act.'

"Section 9 of this Act provides, inter alia:

" 'Every person in the service of * * * any city * * * under any appointment or contract of hire, express or implied * * *'

"Sections 8, 9, 49 and 50 of the Workmen's Compensation Act have been before the Supreme Court on numerous occasions and were fully considered in the matter of the Industrial Commission vs. the State Fund, 94 Colo. 194, which is believed to be controlling in this case.

"The referee finds that as to Question 1, Sections 49 and 50 of the Workmen's Compensation Act do not apply to public employees by reason of the specific language used in Sections 8 (a) and 9 (a) of the Workmen's Compensation Act. As to Question 2, the Referee finds that the decedent was an employee of the Huggins Electric Company and not an employee of the City of Trinidad, either express or implied. Therefore, claimant's claim for compensation as to the respondents, City of Trinidad, and State Compensation Insurance Fund, should be denied.

"It is, therefore, ordered: That the claimant's claim for compensation, medical and funeral benefits against the respondent herein be and the same is hereby denied and dismissed."

Subsequently, on May 21, 1951, the City of Trinidad filed its petition to review, and thereafter the Industrial Commission, after reciting the facts contained in the referees findings, entered the following ruling:

"This case was heard by a Referee of this Commission, who under date of April 25, 1951 entered his written order denying and dismissing this claim on the theory that Section 49 of the Workmen's Compensation Act is not applicable to public employees, and that, therefore,

claimant's action would not lie against the City and its insurance carrier.

"The Referee's decision is based largely on the case of Industrial Commission v. State Fund, 94 Colo. 194, which on first impression seems to require our affirmance. However, after careful consideration and study, the Commission is of the opinion that the City of Trinidad in the case at bar has placed 'itself squarely within the provisions of the Act and of this opinion in the relations and operations as employer and employee.'

"Without a doubt, the municipally owned power plant was conducting its business by contracting out a necessary part thereof to a contractor rather than by accomplishment of its own employees. We are of the opinion that municipal corporations are possessed of dual characters, and that under the circumstances such as these come within the definition of, and are amenable, as private employers.

"Therefore, if the City of Trinidad has not placed 'itself squarely within the meaning of this Act' we fail to comprehend the meaning of those words as used in Industrial Commission v. State Fund Supra.

"It is, therefore, ordered: That respondents pay compensation to Julia Mae Alishio, dependent widow, on behalf of herself and minor dependent son, hereinabove named, share and share alike, at the rate of $65.21 per month, beginning January 12, 1949 and continuing at that same rate monthly thereafter until the sum of $4695.00 has been paid or until the further order of the Commission herein.

"Further ordered: That respondents pay to Mrs. Ella Alishio the sum of $125.00, for and on account of funeral expenses incurred, and paid by her.

"Further ordered: That respondents pay for any necessary medical expenses which may have been incurred not to exceed the sum of $500.00 in value.

"Further ordered: That the Referee's Order of April 25, 1951 be and the same is hereby vacated."

Following the petition to review this award, the Industrial Commission, under date of June 12, 1951, reaffirmed their award of May 21. In due course the State Compensation Insurance Fund, being the insurer of the City of Trinidad, filed its complaint in the district court in Denver seeking a reversal of this award. Answer was made and, after argument and hearing, the trial court affirmed the award of the Industrial Commission.

The position of the trial court, as it stated, is:

"That the City, in its ownership and operation of the electric distribution system mentioned in the record, was acting in its 'proprietary,' as distinguished from its 'governmental' capacity; and in so doing had the status of a privately owned public service corporation under the issues in this case. * * *

"That the City of Trinidad was, on the date of the fatal accident, an 'employer' within the meaning of Sec. 287 (b) Ch. 97, Vol. 3, '35 C.S.A., while acting in a proprietary capacity in the ownership and operation of an electric distribution system. Said Sec. 287 (b) defines 'employer' among others, as a 'private corporation,' including 'any public service corporation.' The City of Trinidad falls within that category in the case at bar. It is also an 'employer' within the meaning of Sec. 287 (a) of said Chapter, but in a governmental capacity. Since the City falls within said Sec. 287 (b), it is subject to Sections 328 and 329, Ch. 97, Vol. 3, '35 C.S.A., and is liable for payment of compensation for the accidental death of Vincent A. Alishio, employed by the contractor, The Huggins Electric Company, which failed to carry compensation insurance.

"That the case of Industrial Commission, et al. v. State Compensation Insurance Fund, 94 Colo. 194, 29 Pac. (2d) 372, is inapplicable to this case because in that case the State Land Board, an arm of the sovereign State of Colorado, was involved and not a municipal corporation exercising proprietary functions."

The State Compensation Insurance Fund now seeks reversal of the trial court's judgment.

From the recital of the background of this case, it is evident that no contention is made that *all* public employers and employees come under the purview of sections 328 and 329, chapter 97, '35 C.S.A. There is no suggestion that *Industrial Commission v. State Compensation Insurance Fund,* 94 Colo. 194, 29 P. (2d) 372, should be overruled or amended. In short, while counsel for the Fund argue that the case is controlling here, the claimant and City of Trinidad seek to distinguish it from the instant case. The position of the latter is that expressed by the trial court.

▮ Our reasons for reversing the judgment of the trial court is that we can find no intent in the legislature through the pertinent provisions of the Workmen's Compensation law to make any distinction in the classification of public employees between those who are engaged in governmental functions and those who are engaged in the proprietary branch of a political subdivision. The basic distinction of the act is between public employees and private employees. And there is no further classification of public employees into the two groups which we are now urged to make.

▮ In this connection it should be noted that a municipal corporation, exercising the function of a private corporation, does not lose its distinctive municipal character: "It is not true that a city is a private corporation when carrying on a municipally owned public utility. No decision so holds. All the decisions on the subject recognize the fact that a city does not change its character by engaging in such enterprises. The entire course of reasoning in the opinions is founded on the postulate that such city retains its character as a municipal corporation, and the burden of the arguments consists of efforts to find reasons for holding it liable to the same extent as a private corporation engaged in the same service, notwithstanding the fact that the city

carries on the business as a municipal corporation." *City of Pasadena v. Railroad Com.,* 183 Calif. 526, 192 Pac. 25; the foregoing paragraph was subsequently quoted with approval in *Marin Water & Power Co. v. Town of Sausalito,* 49 Cal. App. 78, 193 Pac. 294.

"A city is no less a government because it owns and operates its own water system, its own gas and electric system and its own transportation system." *City of Chicago v. Tribune Co.,* 307 Ill. 595, 608, 139 N.E. 86.

▇ As we have noted, the workmen's compensation law, in its opening paragraphs, defines public employees and private employees. It does not divide them into any subclassifications or divisions. It does, however, in other portions of the act, continue to make a distinction between public employees and employers on the one hand and private employees and employers on the other.

Thus, section 45, chapter 210, S.L. 1919, section 324, chapter 97, '35 C.S.A., makes it the duty of all officers and employees of the state, counties and municipalities, upon the request of the Industrial Commission, to enforce orders of the Commission and from time to time to furnish it various types of information.

Section 136, chapter 210, S.L. 1919, section 415, chapter 97, '35 C.S.A., makes provision for the determination by the Industrial Commission of the amount of money to be contributed by the state and by each county, city, town, irrigation or school district or other taxing district of the state as distinguished from private employers.

Section 137, chapter 210, S.L. 1919, section 416, chapter 97, '35 C.S.A., makes it the duty of the appropriate officials of such political subdivisions to provide funds for the payment of premiums for insuring in the State Compensation Insurance Fund.

Section 138, chapter 210, S.L. 1919, section 417, chapter 97, '35 C.S.A., makes it the duty of officials of each political subdivision to supply information to the Com-

mission relative to the services and remuneration of each employee, and provides for the auditing by the Public Examiner of the accounts of all such *public employers.*

We believe the following words used by Mr. Justice Holland in *Industrial Commission v. State Compensation Insurance Fund, supra,* are applicable here: " * * * it is to be seen that the legislature, in order to be doubly sure that the state and its boards [in the instant case, the city of Trinidad] would not, by any confusion, be wrongfully deemed an employer, other than public employers, defined in no uncertain terms who public employes were to include. This was done by paragraph (a) section 9 [C. L. §4383], and is in apparent relation, by number, to paragraph (a) section 8 [C. L. §4382], which defined public employers. * * * It therefore follows that before the claimant here can even hope to fix liability on a *public* employer, as he has attempted here, he must first be in such employment as a *public* employe. We do not so find him. He is, by this record, in the employment, and on the pay roll, of a private firm or corporation as a private employe."

■ In other words, we are of the opinion that the City of Trinidad only becomes an employer, as defined in the Session Laws of 1919, chapter 210, section 8 (a), '35 C.S.A., chapter 97, section 287 (a), of those persons defined as employees in the Session Laws of 1919, chapter 210, section 9 (a), '35 C.S.A., chapter 97, section 288 (a), as amended by the Session Laws of 1947, page 632, chapter 232.

The record discloses that claimant has brought an action against the City of Trinidad in a separate suit, the trial of which has been deferred pending final decision in the instant case. This decision is not to be construed so as to in any way prejudice the rights of either party in that other action.

The judgment of the trial court is reversed, and the cause remanded with directions that the Industrial Com-

mission be instructed to enter an order denying an award in this case.