## No. C-513

### The City of Colorado Springs, a Municipal Corporation v. Betty A. Ellsworth

(529 P.2d 646)

Decided December 16, 1974.        Rehearing denied January 13, 1975.

Gordon D. Hinds, City Attorney and Horn, Anderson & Johnson, Gregory L. Johnson, for petitioner.

Myrick & Newton, P.C., William E. Myrick, Theodore M. Smith, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to review a decision of the Court of Appeals which affirmed a trial court judgment for Ellsworth in *Ellsworth v. City of Colorado Springs,* 33 Colo. App. 407, 522 P.2d 123 (1974).

This is a wrongful death action brought by the decedent's widow Ellsworth against the city of Colorado Springs ("the city"). In July 1969, Lawrence Ellsworth died as a result of a natural gas explosion. He had been working within the scope of his employment for the Tiago Construction Company, an independent contractor, hired to install a storm sewer drain for the city under contract. Tiago carried workmen's compensation insurance, which Ellsworth's widow recovered. She additionally sued the city for negligence, it being understood that the compensation insurance carrier was subrogated to be repaid from any recovery amount it had paid out.

On motion for partial summary judgment, the parties stipulated to the following material facts: (1) the city owned the property upon which Tiago was employed to construct a storm sewer system; (2) Tiago was employed as a contractor by the city; (3) Tiago carried approved workmen's compensation insurance; and

(4) the widow Ellsworth had been paid benefits pursuant to the Workmen's Compensation Act ("the Act").

The trial court ruled that C.R.S. 1963, 81-9-2 did not bar Ellsworth's negligence action, and entered judgment for her for $42,000. The Colorado Court of Appeals affirmed the judgment. We granted certiorari. We reverse.

## I.

■ Involved in this case is interpretation of C.R.S. 1963, 81-9-2(2) which provides *inter alia* that if a landowner (in this case the city) contracts out work to be done on its land by a contractor who is also an employer, *and,* if the contractor maintains workmen's compensation insurance, then neither the contractor nor the contractor's employees nor the insurer shall have the right to bring this kind of action against the landowner. The trial court and the Court of Appeals held that the city is not among the protected landowners. We disagree.

The history of the statute shows that it was enacted shortly after *Great Western Co. v. Erbes,* 148 Colo. 566, 367 P.2d 329 (1961), which cited the similar case of *Thomas v. Farnsworth Chambers Co.,* 286 F.2d 270 (10th Cir. 1960). In *Erbes,* we held that C.R.S. 1953, 81-9-2, the predecessor to C.R.S. 1963, 81-9-2, did *not* protect a landowner from common law liability when an employee of a contractor was injured by the negligence of the landowner, even though the contractor was an employer and carried workmen's compensation insurance. This Court reasoned at that time and under the then existing statute that if the *contractor* had insurance, there was no need to characterize the *landowner* a constructive employer for purposes of the Workmen's Compensation Act and, therefore, there was no bar to common law actions against the landowner in that situation.

The evident legislative purpose of the 1963 amendment to section 81-9-2, which added subsection 2 in response to *Erbes,* was to reverse that holding. The new section 81-9-2(2) protects *all landowners* from all common law liability *if* the landowner requires his contractor to carry approved workmen's compensation insurance. The legislature did *not* exempt municipal corporations from coverage. We see no reason for us to ingraft an exception. All landowners includes a city.

## II.

Ellsworth argues strenuously that because of *State Compensation Insurance Fund v. Alishio,* 125 Colo. 242, 250 P.2d 1015 (1952), municipal corporations do not enjoy the benefits of section 81-9-2(2). *Alishio* — which was a suit to recover workmen's compensation under the coverage which the city had for its employees — stressed that under the then section on constructive employers there was a distinction between public employers and their employees, and private employers and their employees. Therefore, *Alishio* held that under the compensation Act a claimant in the situation presented therein could not recover against a city *as a constructive employer.* It left open the question of common law liability for negligence of the city of Trinidad in that case. We do not read into the *Alishio* holding of many years ago that the legislature in 1963 did not intend to include cities which are landowners among those protected from claims for either compensation or for negligence if the employee is covered by workmen's compensation in his primary employment.

The judgment is reversed.

MR. JUSTICE ERICKSON dissents.