## No. C-593

**Denver Public Schools, and Division of State Compensation Insurance Fund v. Cynthia DeAvila, and Industrial Commission of Colorado**

(544 P.2d 627)

Decided January 19, 1976.

William J. Baum, Robert S. Ferguson, Francis L. Bury, for petitioners.

J. D. MacFarlane, Attorney General, Jean Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Peter Dye (Former Assistant), John Kezer, Assistant, for respondent, Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Certiorari was granted to review the decision of the Court of Appeals[1]

---

[1] 34 Colo. App. 376, 527 P.2d 1182 (1974).

affirming an award of the Industrial Commission. The issue here is whether respondent, Cynthia DeAvila (claimant), was an "employee" of the petitioner, Denver Public Schools (school district), within the terms of that definition as set forth in 1969 Perm. Supp., C.R.S. 1963, 81-2-7(1)(d).[2] In our view the respondent DeAvila was not an "employee" under the terms of the statute and the award of compensation cannot stand.

The facts are not disputed. The claimant enrolled as a student at Emily Griffith Opportunity School (operated by school district) to take the practical nursing course. It was a one-year course commencing October 1, 1971. The enrollment fee of $12 was to cover the costs of the various materials furnished by the school. All instructors (3) were furnished by the school, although the classes were held at Denver General Hospital, a facility of the City and County of Denver. Upon graduation from the course, the graduate became a licensed practical nurse.

During the first four months of the course, most of the claimant's time was devoted to study and classroom instruction. As the course progressed, she devoted increasing amounts of time to clinical training. This training involved the performance of services for or upon patients in the hospital. In the second and third four-month periods, she was placed on the hospital's payroll and received $60 and $100 per month, respectively.

Claimant was injured on *Friday*, November 19, 1971, while descending the stairs at the hospital during a break between sessions of classroom instruction. At the time of the claimant's injury, within the first four-month period, she was devoting three to four hours per day on *Tuesdays* and *Thursdays* in practical clinical training on the wards. She was receiving no monetary compensation for her services at the time of her injury.

The order awarding compensation was initially against the City and County of Denver (Denver General Hospital). Upon rehearing, the referee set that award aside and on October 1, 1973, entered the same award against the school district. The Industrial Commission affirmed the referee's order. Petitioner appealed to the Court of Appeals, which affirmed the Commission.

The following definition of "employee" found in 1969 Perm. Supp. C.R.S. 1963, 81-2-7(1)(d), which is determinative of this litigation states in pertinent part:

"[A]ny person who may at any time be receiving training under any work or job training or rehabilitation program sponsored by any department, board, commission, or institution of the state of Colorado or of any county, of the state of Colorado or of any county, city and county, city, town, school district, or private or parochial school or college, and who, as part of any such work or job training, or rehabilitation program of any de-

---

[2] Now Section 8-41-106(1)(a)(IV), C.R.S. 1973.

partment, board, commission, or institution of the state of Colorado or of any county, city and county, city, town, school district, or private or parochial school or college *is placed* with any employer for the purpose of training or learning trades or occupations shall be deemed while *so engaged* to be an employee of the respective department, board, commission, or institution, of the state of Colorado or of the county, city and county, city, town, school district, or private or parochial school or college sponsoring such training or rehabilitation program." (Emphasis added.)

The record is devoid of any extrinsic evidence indicating precisely what the legislature intended when it added subsection (d) in 1969. Our research has failed to disclose anything which is helpful in the determination of legislative intent. Thus, we are left solely to an interpretation based upon the language of the act.

Turning to the act, we note that to be an "employee" of the school district one must, at the time of injury, be receiving training under a work or job training program *sponsored* by the school district *and* one must have been *placed* by the school district with an employer for the purpose of training or learning trades or occupations. Further, the trainee is deemed an "employee" only *"while so engaged"* in such programs.

This formulation poses many questions under the instant factual situation. However, it is necessary to answer only one. A critical requirement of the statute is that in order for the claimant to become an "employee" it was necessary that she be "placed" with the hospital for the purpose of training. The evidence discloses that at the time of her injury the claimant was not so "placed."

The evidence is explicit that at the time of her injury the claimant was attending classes conducted exclusively by instructors employed by the school district. Under such circumstances, claimant does not come within the definition of "employee" and the school district is not liable for the injury sustained as the result of her mishap.

The judgment is reversed and the cause is returned to the Court of Appeals with directions to remand to the Industrial Commission for the entry of an award denying claimant any benefits under the Workmen's Compensation Insurance Act.