UNIVERSITY OF COLORADO MEDICAL CENTER and State Compensation Insurance Fund, Petitioners,

v.

INDUSTRIAL COMMISSION OF COLORADO, and Maureen Hendricks-Rauch, Respondents.

Nos. 80CA0715, 79CA1042.

Colorado Court of Appeals, Div. II.

Sept. 18, 1980.

Rehearing Denied Oct. 23, 1980.

Certiorari Denied Jan. 26, 1981.

William Baum, John V. Fitzsimons, Thomas M. Schrant, Denver, for petitioners.

Johnson & Mahoney, P. C., Mary Butler, Denver, for respondents.

PIERCE, Judge.

Petitioners seek review of the award of workmen's compensation benefits granted to respondent Maureen Hendricks-Rauch. We affirm.

The facts of this case are essentially undisputed. Hendricks-Rauch was employed by the University of Colorado Medical Center to provide clinical consultation to rural nurses during approximately two weeks in the summer of 1977. The terms of the employment provided for Hendricks-Rauch to receive $100 a day plus expenses for her services. While traveling by bus in the course of this employment, Hendricks-Rauch was struck in the head by a suitcase falling from an overhead rack and suffered the injuries which are the subject of this claim.

After a hearing on respondent's claim, the hearing officer determined that Hendricks-Rauch was entitled to receive benefits for her medical care and any resulting disability because she was a constructive employee of the University of Colorado Medical Center as defined by § 8–48–101(1), C.R.S.1973. This determination was upheld by the Industrial Commission, which entered a final order awarding benefits to Hendricks-Rauch.

On appeal, petitioners contend (1) that § 8–48–101(1), C.R.S.1973, applies only to private employers and that the University of Colorado Medical Center is a public employer and (2) that Hendricks-Rauch was found by the hearing officer and the Commission to be a constructive as opposed to a regular employee, and was therefore not entitled to benefits under the act.

Where, as here, the facts are undisputed, the question of whether an individual is an employee as defined by § 8–41–106, C.R.S.1973 (1979 Cum.Supp.), or a constructive employee to whom work has been contracted out as defined by § 8–48–101(1), C.R.S.1973 (1979 Cum.Supp.), is a question of law, not a question of fact. *Brush Hay & Milling Co. v. Small*, 154 Colo. 11, 388 P.2d 84 (1963). Also, even though a court may determine that the Commission erroneously interpreted the law, if the Commission's award would have been correct had the law been properly interpreted, that award will be sustained. *Industrial Com-*

*mission v. Bonfils,* 78 Colo. 306, 241 P. 735 (1925).

█ The criteria for determining the existence of an employer/employee relationship for the purposes of workmen's compensation law are set forth in *Brush Hay & Milling Co., supra.* Applying these criteria, as well as the definition of employee as set forth in § 8-41-106(1)(a)(I), C.R.S.1973 (1979 Cum.Supp.), to the facts of this case, we conclude that Hendricks-Rauch was a regular employee of the University of Colorado Medical Center and that, therefore, § 8-41-106(1)(a)(I), C.R.S.1973 (1979 Cum. Supp.), controls the award of benefits in this case as opposed to § 8-48-101(1), C.R.S. 1973 (1979 Cum.Supp.). Contrary to petitioner's argument, we see no reason why this rule should not apply to a public entity. Having also determined that there was sufficient evidence to support the hearing officer's finding that the injuries occurred during the course of this employment, we find no error in the award of workmen's compensation benefits.

Order affirmed.

SMITH and STERNBERG, JJ., concur.