Frank ANTAL, Jr., Petitioner,

v.

DELTA COUNTY MOSQUITO CONTROL DISTRICT # 1, and/or Delta County, The Director, Division of Labor, The Industrial Commission of Colorado, and State Compensation Insurance Fund, Respondents.

No. 81CA0741.

Colorado Court of Appeals, Div. II.

March 4, 1982.

Richard T. Goold, P. C., Richard T. Goold, Denver, Charles E. Withers, Montrose, for petitioner.

Tim Jones, Delta, for respondent Delta County.

William J. Baum, Denver, for respondents Delta County and State Compensation Ins. Fund.

Traylor, Palo, Cowan & Arnold, Peter R. Black, Grand Junction, for respondent Delta County Mosquito Control Dist. No. 1.

J. D. MacFarlane, Atty. Gen., Lynn Palma, Asst. Atty. Gen., Denver, for respondents Industrial Commission and Division of Labor.

VAN CISE, Judge.

Petitioner, Frank Antal, Jr. (claimant), seeks review of the order of the Industrial Commission denying his claim for workmen's compensation benefits. We affirm.

The undisputed facts are as follows. Delta County Mosquito Control District # 1 (the District) is a metropolitan district created pursuant to § 32–3–101, et seq., C.R.S. 1973, and is, therefore, a governmental entity, a taxing district, and a public employer. Its business is to effect the control and elimination of mosquitoes by means of spraying and other methods.

Each year, in addition to its regularly employed staff, the district awards a contract for aerial spraying on a competitive bid basis. The invitation to bid for the 1980 spraying season stated that:

"Sprayer shall be considered as an independent contractor, and not an employee of the District. Further, Sprayer shall carry liability insurance in the minimum amount as required by governmental regulation."

On March 21, 1980, the contract for the 1980 spraying season was awarded to claimant, who was engaged in the business of aerial spraying and crop dusting under the name of Antal Flying Service. The contract provided that 1) claimant would perform at a rate of 40¢ an acre; 2) claimant would provide his own aircraft and spraying equipment; 3) the district would supply all chemicals and materials constituting the spray to be applied; 4) each had the right to terminate the contract on 30 days written notice; and 5) claimant agreed to indemnify district from any liability for any personal injury, property damage, and special damages caused to anyone as a result of claimant's negligence in preparing or applying the spray, in the operation and control of the airplane, or in any other activity incident to claimant's performance under the contract.

At a time when claimant was engaged in aerial spraying for the district, his plane crashed and he was severely burned. He filed a claim for workmen's compensation from the district. The district denied liability.

After a hearing, the referee found that: "At the time of injury, the claimant had a policy of workmen's compensation insurance coverage for his employees, but he was excluded from the coverage. At the time of the injury, the respondent, Mosquito Control District, was non-insured with regard to workmen's compensation liability."

The referee then denied the claim, concluding that:

"[U]nder the law set forth in [*State Compensation Insurance Fund v. Alishio*, 125 Colo. 242, 250 P.2d 1015 (1952)] a public employer, as was the Delta County Mosquito Control District # 1, can never be a constructive employer under [§ 8–48–101, C.R.S.1973] and, therefore, is not liable to pay compensation and other benefits to the claimant."

The referee's finding and conclusions were subsequently adopted by the Commission. From that determination, claimant seeks review.

In his brief filed with the Commission, claimant conceded that he was an independent contractor in his relationship with the district. On appeal, he does not contend that he was a public employee as defined by § 8–41–106(1)(a)(I)(A), C.R.S.1973 (1981 Cum.Supp.)—and he was not. Instead, relying solely on one sentence in *University of Colorado Medical Center v. Industrial Commission*, Colo.App., 622 P.2d 596 (1980), he asserts that since the district conducted its business by contracting out a part of the work to him, the district was a constructive employer and he, as the contractor, was a constructive employee pursuant to § 8–48–101(1), C.R.S.1973 (1981 Cum.Supp.) and, therefore, he was entitled to workmen's

compensation benefits from the district. We do not agree.

In *University of Colorado Medical Center v. Industrial Commission, supra,* this court determined that the claimant was a regular employee as defined by § 8–41–106(1)(a)(I), C.R.S.1973, and that, therefore, that section controlled the award of benefits as opposed to § 8–48–101(1), C.R.S.1973. The court then stated, and this is the sentence relied on by claimant here: "Contrary to petitioner's argument, we see no reason why this rule should not apply to a public entity." We do not read that sentence as referring to claimant's argument that § 8–48–101(1) applied to a public entity. Rather, we consider the quoted sentence to mean that § 8–41–106(1)(a)(I)(A) applies, and do not consider it to be dictum.

*State Compensation Insurance Fund v. Alishio,* 125 Colo. 242, 250 P.2d 1015 (1952), and *Industrial Commission v. State Compensation Insurance Fund,* 94 Colo. 194, 29 P.2d 372 (1934) are dispositive of this issue. These cases held that a governmental entity, such as the district here, cannot be a constructive employer pursuant to the statute substantially equivalent to the present § 8–48–101(1), C.R.S.1973 (1981 Cum. Supp.). As stated in both cases, "before the claimant here can even hope to fix liability on a *public* employer, as he has attempted here, he must first be in such employment as a *public* employee." Under these cases, the district is an employer only of public employees as defined in § 8–41–106(1)(a)(I)(A), C.R.S.1973 (1979 Cum. Supp.). Therefore, since claimant was not a public employee, he is not eligible for benefits from the district.

Order affirmed.

BERMAN and KELLY, JJ., concur.