In the Matter of the Claim of Curtis W. ORR; Delta County, and/or Colorado Department of Corrections, and State Compensation Insurance Fund, Petitioners,

v.

INDUSTRIAL COMMISSION of the State of Colorado, and Charles McGrath, Director of the Division of Labor, Respondents.

No. 83CA0329.

Colorado Court of Appeals, Div. I.

May 24, 1984.

Rehearing Denied July 5, 1984.

Certiorari Granted Nov. 19, 1984.

George T. Ashen, James E. Freemyer, Denver, for petitioner Curtis W. Orr.

Edward V. Frayle, Denver, for petitioners Delta County and/or Colorado Dept. of Corrections, and State Compensation Ins. Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondents.

PIERCE, Judge.

This is a workmen's compensation case. Claimant, Curtis Orr, seeks review on the ground that he was not awarded temporary total disability benefits at the maximum rate. The Department of Corrections and its insurer, the State Compensation Fund (the Department), also seek review, on the ground that if liability exists at all, it is that of Delta County and not the Department. We set aside the order.

Claimant was confined in the state penal facility at Delta, and was under the supervision of the Department. The Department permitted prisoners to work outside the prison facility on work assignments, to perform job duties on behalf of the County of Delta. The Department selected prisoners for participation in these work assignments on a random basis. It retained some control over participants, but Delta County employees primarily supervised the prisoners and made all work assignments.

The prisoners received $2.00 per day for this work which was paid by the Department without contribution by Delta County. Upon selection by the Department, prisoner participation in outside work assignments was voluntary, and the Department received no benefit from the prisoner labor.

In January 1981 claimant was assigned to a laborer's job hauling building materials from one point to another on a road project in Delta County. Blasting was occurring at the job site, and a county employee advised claimant to take cover behind a vehicle, which he did. In spite of this precaution, a rock from an explosion was projected under the vehicle severely injuring claimant's leg.

Initially, we must determine whether, under the circumstances presented, either governmental agency could be liable under the governing legislation.

 As a general rule inmates injured while imprisoned are not entitled to workmen's compensation benefits unless such benefits are offered by specific statute classifying the inmates as public employees. *See Industrial Commission v. State Compensation Insurance Fund*, 94 Colo. 194, 29 P.2d 372 (1934); 1C. *A. Larson, Workmen's Compensation Law* § 47:31 (1982).

 The Commission was correct in concluding that if there is any liability on the part of the Department in this instance, one source of that liability might arise from a consideration of claimant's status according to § 8–41–106(1)(a)(IV), C.R.S. (1983 Cum.Supp.). That statute states in pertinent part:

"[A]ny person who may at any time be *receiving training* under any work or job training … sponsored by any department … or institution of the state of Colorado or … county … and who … is placed with any employer *for the purpose of training or learning trades or occupations* shall be deemed while so engaged to be an *employee* of the respective … institution of the state of Colorado or of the county … sponsoring

such training or rehabilitation program." (emphasis added)

None of the evidence presented indicates that claimant engaged in a program sponsored by either the Department of Corrections or Delta County for the purpose of training or learning a trade or occupation. He was strictly a day laborer performing unskilled tasks. Therefore, no liability could be imposed on either entity under this section of the statute. *See Denver Public Schools v. DeAvila*, 190 Colo. 184, 544 P.2d 627 (1976).

■ Section § 17–20–116, C.R.S. (1983 Cum.Supp.) provides that state prisoners may be designated to the various counties to aid in roadwork. However, § 17–20–117, C.R.S. (1983 Cum.Supp.), concerning prisoners who are used as laborers, states:

"Inmates who work in the department of Corrections shall not be entitled to any right, benefit, or privilege applicable to employees of the state of Colorado."

Had the General Assembly desired this type of labor to be granted the protection of the workmen's compensation laws, it would have said so in this section. The General Assembly's rationale for not extending workmen's compensation coverage to such inmates may have been that sufficient protection was already provided by § 24–10–106(1), C.R.S., which provides that sovereign immunity is not a defense to certain claims for relief, of which this may be one. Therefore, inasmuch as the facts are undisputed here, we are not bound by the conclusions of the Industrial Commission, and we conclude that there is no statutory authority for granting workmen's compensation coverage here. *Denver Public Schools v. DeAvila, supra.*

We must next determine whether either the Department or Delta County are liable under the provisions of § 8–41–106(1)(a)(I)(A), C.R.S. (1983 Cum.Supp.). That section, in pertinent part, provides that among those covered by workmen's compensation are:

"Every person in the service of the state, or of any county ... under any appointment or contract of hire, express or implied ...."

■ Here, the county directed claimant in the work assigned and received the benefits of claimant's labor, but paid no remuneration to claimant for the labor performed. Although the Department paid claimant, it received no benefit from the claimant's labor. Under these circumstances, those elements necessary to a finding that claimant was "under any appointment or contract of hire, express or implied" with either of these governmental entities are not present.

■ The voluntary program here was designed to assist the claimant in adjusting to life outside of prison confinement with the cooperation of the two governmental agencies, and did not involve the contractual elements necessary to the creation of an employer-employee relationship between claimant and either governmental agency. *Industrial Commission v. State Compensation Insurance Fund, supra; see Melba Hall Parkview Episcopal Hospital Ass'n v. State Compensation Insurance Fund*, 154 Colo. 47, 387 P.2d 899 (1963); *Wilkowski v. Industrial Commission*, 113 Colo. 46, 154 P.2d 615 (1944). Therefore, the claimant cannot be characterized an employee of either public entity.

The order awarding claimant workmen's compensation benefits is set aside.

BERMAN and METZGER, JJ., concur.