**In the Matter of the Claim of Curtis W. ORR, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, Charles McGrath, Director of the Division of Labor, Delta County and/or Colorado Department of Corrections, and State Compensation Insurance Fund, Respondents.**

**No. 84SC270.**

Supreme Court of Colorado, En Banc.

March 31, 1986.

Rehearing Denied May 5, 1986.

George T. Ashen, James E. Freemyer, Denver, for petitioner.

Duane Woodard, Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Charles McGrath.

William J. Baum, Clyde E. Hook, Denver, for respondents Delta County and State Compensation Ins. Fund.

KIRSHBAUM, Justice.

We granted certiorari to review the opinion of the Court of Appeals in *Orr v. Industrial Commission*, 691 P.2d 1145 (Colo. App.1984). The Court of Appeals set aside an order awarding workers' compensation benefits to the petitioner, Curtis W. Orr (Orr). We affirm.

In January of 1981, Orr was incarcerated in the Robideau Conservation Camp at Delta, Colorado, a facility under the jurisdiction of the Department of Corrections (the Department). During that month, the supervisor of the camp, Ralph Granzella, assigned Orr to perform services with a county road maintenance crew supervised by Delta County (the County) personnel. Orr performed general maintenance work on a county road located outside the camp. The Department retains ultimate responsibility for inmates released to perform such work; the County specifies particular work assignments and supervises the inmates on the job. On January 16, 1981, at the job site, Orr's left ankle was injured by a rock propelled as the result of construction blasting. The Department paid all of Orr's medical expenses.

Orr subsequently filed a claim for workers' compensation benefits with the Industrial Commission (the Commission). In his statement of position, Orr asserted that at the time of his injury he was an employee within the meaning of section 8–41–106(1)(a)(I)(A), 3 C.R.S. (1985 Supp.), of the Workmen's Compensation Act (the Act). That section defines "employee" as:

Every person in the service of the state, or of any county, city, town, or irrigation, drainage, or school district or any other taxing district therein, or of any public institution or administrative board thereof under any appointment or contract of hire, express or implied....

After a hearing, the referee ruled that Orr was injured in the course of work as an employee of the County and, therefore, was entitled to benefits pursuant to section 8–41–106(1)(a)(I)(A) of the Act. The referee dismissed Orr's claim against the Department.

The County and the State Compensation Insurance Fund (the Fund) petitioned the Commission for review of the referee's order. The Commission concluded that the Department rather than the County was Orr's employer, and that Orr was entitled to reduced benefits pursuant to section 8–41–106(1)(a)(IV) of the Act. That section provides in pertinent part:

Except as provided in section 8–41–105(7)(a), any person who may at any time be receiving training under any work or job training or rehabilitation program sponsored by any department ... of the state of Colorado ... and who, as part of any such work or job training or rehabilitation program of any department ... of the state of Colorado ... is placed with any employer for the purpose of training or learning trades or occupations shall be deemed while so engaged to be an employee of the respective department ... of the state of Colorado ... sponsoring such training or rehabilitation program.

Orr, the Department, the County and the Fund appealed the Commission's order to the Court of Appeals. The Court of Appeals set aside the Commission's order, ruling that Orr was not an employee within the definition of either of the two subsections of the Act in question and that, in any event, section 17–20–117, 8 C.R.S. (1985 Supp.), barred any recovery of benefits by Orr.[1]

Orr presents two basic arguments in support of his position that the decision of the Court of Appeals is erroneous: (1) he is entitled to benefits either as an employee pursuant to a contract for hire within the meaning of section 8–41–106(1)(a)(I)(A), or because he was placed with an employer for the purpose of training, pursuant to section 8–41–106(1)(a)(IV); and (2) that section 17–20–117 does not bar his recovery of workers' compensation benefits. Because we conclude that Orr failed to establish that he was entitled to benefits under either of the two provisions of the Act upon which he relies, we do not reach his second argument.

As claimant, Orr had the burden of establishing his right to benefits. *Industrial Commission v. Ewing*, 160 Colo. 503, 418 P.2d 296 (1966); *Eisnach v. Industrial Commission*, 633 P.2d 502 (Colo.App.1981). The evidence does not establish that he was an "employee" of the Department or of the County under the provisions of section 8–41–106(1)(a)(I)(A). That section provides benefits for persons "in the service of the

---

1. In ruling that § 17–20–117 barred Orr's recovery under § 8–41–106(1)(a)(IV), the Court of Appeals indicated that Orr was employed by the County under § 17–20–116 which provides, in relevant part:

Upon written request of a majority of the board of county commissioners of any county in this state and the order of the department, the superintendents of *the correctional facilities at Canon City* shall detail such convicts as are specified in such order ... to work upon such public roads and highways of the state or of such county ... as are designated in the written request of said county commissioners. (emphasis added). This section, as the emphasized language establishes, applies only to in-

mates at Canon City. Orr was an inmate of the Robideau Conservation Camp, a minimum security facility in Delta, Colorado. Orr worked for the County pursuant to § 17–24–106(1)(e), 8 C.R.S. (1978), of the Correctional Industries Act. That section provides that the division of correctional industries shall have the power

[t]o utilize the labor services of prisoners in the manufacture or production of goods and services that are needed for the construction, operation, or maintenance of any office, department, institution, or agency supported in whole or in part by the state, any political subdivision of the state, or the federal government.

state, or of any county ... or of any public institution or administrative board thereof under any appointment or contract of hire, express or implied...." At the hearing before the referee, Granzella testified that on any given day he would assign whatever number of inmates the County requested to road maintenance work outside the camp. Granzella also testified that the inmates selected were required to accept these assignments. This evidence is counter-indicative of the existence of any contract for hire involving Orr. *See Industrial Commission v. State Compensation Insurance Fund,* 94 Colo. 194, 29 P.2d 372 (1934).

■ We also conclude that the evidence does not establish that Orr's activities constituted a training program as contemplated by section 8–41–106(1)(a)(IV). Orr filed his claim on June 3, 1981, and on November 19, 1981, filed an election of remedies indicating his intent to forgo any tort remedy he might be entitled to pursue. The Fund's position statement, filed November 23, 1981, argued that Orr was not entitled to benefits under either subsection (1)(a)(I)(A) or subsection (1)(a)(IV).[2] In his position statement filed November 30, 1981, Orr claimed only under the provisions of subsection (1)(a)(I)(A), which authorizes an award of maximum benefits. Orr presented little evidence concerning the nature of the program in which he was involved at the time of his injury,[3] no doubt because he sought maximum benefits as an employee pursuant to a contract of hire.

**2.** Upon appeal to the Court of Appeals, the Department and the County were denominated as "Delta County and/or Colorado Department of Corrections." At the Commission level and before the Court of Appeals, a single attorney represented the County, the Department, and the Fund. The attorney general's office assumed separate responsibility for representing the Department before this court, while the Fund's attorneys continue to represent both the Fund and the County.

**3.** Granzella testified that the type of job with the County held by Orr was "more of a rehabilitative process to try to assign them to a job that will be more like the job they are returning to in society." Tr. at 66. He also testified as follows regarding the purpose of assigning inmates to jobs outside the facility:

In view of the posture of this case, it is not surprising that the other parties produced little evidence with respect to the nature of that particular administrative program.

■ Nevertheless, with regard to any potential reduced award under subsection (1)(a)(IV), Orr had the burden of establishing that he was receiving training, that the training program was sponsored by an entity subject to provisions of the Act, and that he was placed with any employer for the purpose of training or learning trades or occupations. *Denver Public Schools v. DeAvila,* 190 Colo. 184, 544 P.2d 627 (1976). The evidence does not establish that the purpose of Orr's activities was for Orr to obtain training or to learn a trade or occupation, who his employer was on that date, or whether he was receiving training when he was injured. Thus, Orr did not establish that he was engaged in a training program within the meaning of section 8–41–106(1)(a)(IV).

The Court of Appeals determined that the final sentence of section 17–20–117 expresses a clear legislative intent to exclude all persons under the jurisdiction of the Department from any participation in Workmen's Compensation Act programs. Because Orr failed to establish any right to benefits, that statutory construction was not necessary to the resolution of the issue before the court. We, therefore, will not review it here.[4]

> For rehabilitative purposes, for job responsibility to enter them back into society as near as possible to the minimum security status that we have to hold.
> Tr. at 73.

**4.** As a matter of policy, the General Assembly may certainly choose to subject any governmental or private entity that utilizes inmate labor to the arena of general tort liability in the event such inmate is injured. Section 17–20–117, 8 C.R.S. (1985 Supp.), states as follows:

> Every able-bodied offender shall be put to and kept at the work most suitable to his capacity and most advantageous to the people of this state. The earnings of such offender, after deducting a sufficient amount thereof to pay and satisfy the cost of maintenance and retention, shall be given to the family of such

The judgment of the Court of Appeals is affirmed.

VOLLACK, J., concurs specially.

ERICKSON, J., joins in concurrence.

VOLLACK, Justice, specially concurring:

I agree with the conclusion of the majority that Mr. Orr is not entitled to workers' compensation benefits. I write separately because in my opinion inmates are not entitled workers' compensation benefits under section 17–20–117, 8 C.R.S. (1985 Supp.).

Because of his status as an inmate with the department of corrections, Orr's contention that he was in the service of the state under an appointment or contract of hire pursuant to section 8–41–106(1)(a)(I)(A), 3 C.R.S. (1985 Supp.), is untenable. He is required to work as a condition imposed as a result of his incarceration, section 17–20–117, 8 C.R.S. (1985 Supp.), and therefore does not make a true contract of hire with the authorities confining him.

The evidence fails to support the conclusion that Orr was an employee because he was receiving training under any work or job training or rehabilitation program pursuant to section 8–41–106(1)(a)(IV), 3 C.R.S. (1985 Supp.). In my view, the legislature did not intend to extend workers' compensation benefits to inmates under this provision. To award benefits creates a conflict with the final sentence of section 17–20–117, which provides: "Inmates who work in the department of corrections shall not be entitled to any right, benefit, or privilege applicable to employees of the state of Colorado." This statutory language applies directly to Orr as a result of his incarceration. I fail to discern a distinction between inmates maintained in the Canon City penitentiary and those located in other facilities operated by the department of corrections.

Based upon section 17–20–117, I would conclude that inmates are not entitled to workers' compensation benefits. Had the legislature desired to afford the benefits of

offender or his dependents, if any, but, if there are none, the same shall be accumulated and paid to such offender upon discharge from the correctional facilities at Canon City. Inmates who work *in* the department of corrections shall not be entitled to any right, benefit, or privilege applicable to employees of the state of Colorado.

(emphasis added). Orr argues that by using the preposition "in," the General Assembly has distinguished between inmates who work in the Department and those inmates who work outside of the Department. However, nothing in the statutory language indicates an intent to treat inmates differently depending on whether they work inside or outside of prison walls. In addition, it must be observed that article 20 of title 17 by its terms pertains only to the correctional facility at Canon City and the inmates thereof, casting some doubt on the applicability of that section to Orr, who was injured while a prisoner at the Robideau Conservation Camp in Delta, Colorado.

The Fund and the County argue that the absence of some express reference to the preservation of workers' compensation benefits in § 17–20–117 requires the conclusion that the final sentence thereof was intended to exclude all inmates from coverage under the Act. However, the broad language of § 8–41–106(1)(a)(IV) of the Act, encompassing expressly "any person who may at any time be receiving training under any work or job training or reha-

bilitation program sponsored by any department, board, commission, or institution of the state of Colorado or of any county," strongly suggests that the General Assembly has included all work, job training or rehabilitation programs of any state department, including the Department of Corrections, within the ambit of the Act unless statutes creating such programs expressly exclude the participants therein from such coverage.

The General Assembly arguably has indicated by other legislation an intent to extend the broad coverage of the Act to any program of any department unless the statute creating such program expressly exempts program participants from the Act. Sections 42–4–1202(4)(a) and 1202(4)(b), 17 C.R.S. (1984), establish a sentencing scheme requiring persons convicted of driving under the influence of alcohol to perform specified hours of "useful public service." Section 42–4–1202(4)(g)(IV), 17 C.R.S. (1984), specifically excludes persons performing such public service from Workmen's Compensation Act benefits. This statutory scheme supports the argument that the General Assembly, by not specifically exempting convicts engaged in work, job training or rehabilitation programs from the benefits of the Act, intends the Act to apply to such convicts. However, as we have indicated, there is no need in this case to reconcile the tension which exists between the all-inclusive language of § 8–41–106(1)(a)(IV) and the final sentence of § 17–20–117.

worker's compensation laws to inmates, it would have so provided in title 17 of the statutes. Having failed to do so, I would hesitate to infer that intent absent an express inclusion.

I am authorized to say that Justice ERICKSON joins in this special concurrence.