**UNIVERSITY OF COLORADO, Petitioner,**

v.

**Thomas M. GRAHAM, Lyons Supply & Service, Inc., the Industrial Claim Appeals Office of the State of Colorado, and Colorado Division of Labor, Respondents.**

**No. 90CA0270.**

Colorado Court of Appeals,
Div. I.

Oct. 11, 1990.

Rehearing Denied Nov. 15, 1990.

Certiorari Denied April 8, 1991.

Glasman, Jaynes & McBride, Ronald C. Jaynes, Feay Burton Smith, Jr., Denver, for petitioner.

Karen A. Burns, Boulder, for respondent Thomas M. Graham.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Colorado Div. of Labor.

No appearance for respondent Lyons Supply & Service, Inc.

Opinion by Judge DAVIDSON.

The University of Colorado seeks review of the final order of the Industrial Claim Appeals Office (Panel) ruling that the University is a statutory employer under § 8–41–402(1), C.R.S. (1990 Cum.Supp.). We set aside the order.

Thomas M. Graham, the claimant, was an employee of Lyons Supply & Service, Inc., which contracted to maintain the University's food service equipment. Claimant was injured while working on the University's Boulder campus. Lyons was uninsured. The Administrative Law Judge (ALJ) ruled that the University was not a statutory employer and that Lyons was liable for workers' compensation benefits awarded to the claimant, but the Panel reversed the ALJ.

The University contends that it is not a statutory employer subject to workers' compensation liability to Lyons' employee. We agree.

Section 8–41–402(1) provides that, subject to certain exceptions not relevant here:

"every person, company, or corporation owning any real property or improvements thereon and contracting out any work done on and to said property to any contractor ... shall be deemed to be an employer..... Every such contractor ... as well as his employees, shall be deemed to be an employee, and such employer shall be liable as provided in said articles to pay compensation...."

A government entity cannot be a statutory employer under § 8–41–402(1). *Industrial Commission v. State Compensation Insurance Fund*, 94 Colo. 194, 29 P.2d 372 (1934) (construing former version of statute). *See State Compensation Insurance Fund v. Alishio*, 125 Colo. 242, 250 P.2d 1015 (1952) (construing predecessor to present statute); *Antal v. Delta County Mosquito Control District*, 644 P.2d 87 (Colo.App.1982) (construing present statutory language).

We disagree with the Panel's conclusion that *City of Colorado Springs v. Ellsworth*, 187 Colo. 193, 529 P.2d 646 (1974) requires a different result. In *Ellsworth*, the court construed the substantially similar predecessor to § 8–41–402(2), C.R.S. (1990 Cum.Supp.), which provided that if a landowner contracts out work to be done on its real estate to a contractor which is itself an employer, and the contractor has workers' compensation insurance, neither the contractor nor its employees may bring any action against the landowner. Essentially, that subsection of the statute protects landowners from common law liability if their contractors are insured. In *Ellsworth*, the court held that such subsection protects all landowners, including public entities, from common law liability.

The claimant argued, and the Panel agreed, that the holding of *Ellsworth* that government entities are protected from common law liability by the statutory language now in § 8–41–402(2) is inconsistent with the rule that they are not subject to workers' compensation liability as statutory employers under § 8–41–402(1). Although there is significant merit to this argument, the court in *Ellsworth* expressly considered the case law holding that government entities cannot be statutory employers, and found no inconsistency.

The order is set aside and the cause is remanded to the Panel for reinstatement of the ALJ's order.

PIERCE and SMITH, JJ., concur.